SILVIUS, Appellant, v. BRUNSVOLD, Respondent.

(142 N. W. 944.)

1. **Appeal—Waiver of Right to Appeal—Acceptance of Terms Under Order.**

Where a default judgment was vacated and defendant allowed to answer and defend on payment of terms, plaintiff, by accepting payment of such terms, forfeited his right to appeal from the order imposing terms.

**2.  Dismissal of Appeal—Motion to Dismiss—Showing by Affidavit.**
On motion to dismiss appeal, which motion involved acceptance by appellant of payment of terms imposed under an order appealed from, respondent contending that right of appeal was thereby waived, held, such acceptance of terms could be shown by affidavit, although not shown by the settled record, since, while the order appealed from, considered on its merits, depends upon the record, facts occurring before or after appeal, showing appellant estopped from appealing, or abandonment of appeal, need not be shown of record.

(Opinion filed September 8, 1913.)

Appeal from Municipal Court of City of Sioux Falls, Hon ALPHA F. ORR, Judge.

Action by M. E. Silvius against O. K. Brunsvold.  From an order vacating a default judgment and allowing defendant to answer and defend, on terms, plaintiff appeals.  On defendant's motion to dismiss the appeal.  Appeal dismissed.

*Parliman & Parliman,* for Appellant.

The order of June 20th, 1913, (pp. 4 & 5 of Res. Abs.) injects into the case something entirely foreign to the case, as it stood when appellant perfected his appeal, and appellant had the right to assume, when he perfected his appeal, that he had included in his abstract and brief everything that was in the record; that appellant did set forth in his abstract and brief everything that the record showed prior to the amendment and that no proceedings were taken by respondent to change and add to the record the order to show cause, petition and affidavit and order of the trial court, until after appellant had completed his appeal, and served his abstract and brief upon respondent.

That respondent's abstract and brief are wholly insufficient and must be stricken, dismissed and disallowed for the reasons herein stated, and for the further reason that his affidavit, petition and order to show cause, have not been printed as required by Rule 4 of the Rules of this Court, and no reference is made in the abstract and brief to respondent's affidavit and order to show cause why the appeal should not be dismissed.

That when appellant perfected his appeal to this court, this court would then have authority alone, to change the record so as to comply and agree with, the facts as they shall appear, from all of the papers and files in the case.  We deny the authority

of this court, and assuredly of the trial court, to insert in the record something that was aliunde the said record; something that is attempted to be established by an independent proceeding, as in this case. Assuming as true, that respondent's attorneys paid the fifteen dollars, terms to appellant's attorneys; then they should have made a record of it in the proper time and way; and this court or the trial court has no authority to try a collateral question of fact at issue between appellant and respondent, as to whether respondent had paid and appellant had accepted in this case the fifteen dollars terms in question.

WHITING, J. [1] Plaintiff appealed from an order of the trial court vacating a default judgment and allowing defendant to answer and defend upon payment of certain terms therein fixed. Respondent moves the dismissal of said appeal upon the ground that said terms have been paid to and accepted by appellant, and that therefore appellant has waived or abandoned his right to appeal from such order. Under the holding of this court in Lounsbery v. Erickson, 16 S. D. 375, 92 N. W. 1071, appellant, if he accepted and retained the terms allowed him in said order, forfeited any right to question the correctness of the court's ruling. 2 Cyc. 645.

[2] Appellant does not deny accepting and retaining such terms, but he insists that respondent's motion is not properly before this court. Appellant insists that the facts upon which the motion is based must appear in the settled record settled by the trial court. There is a dispute as to whether or not the fact of the acceptance and retention of such terms does appear in the settled record; but, in the view which we take of this case, it becomes unnecessary for us to have the settled record sent to this court for examination. The ruling appealed from, if considered on its merits, must stand or fall upon the record settled in the lower court; but proof of facts, whether those occurring before or after appeal, showing that an appellant has estopped himself from appealing or has abandoned an appeal already taken, being proof of something having nothing to do with the correctness of the ruling appealed from, and therefore not properly to be found in the record settled for appeal, may be presented to the appellate court in the form of affidavits when offered upon a motion to dismiss such appeal. Proof of payment and acceptance of the terms

had no more a proper place in the settled record than would proof of payment and satisfaction of a judgment have proper place in a record settled for purposes of appeal from such judgment.

The appeal herein is dismissed.