SCHMUCK, Appellant, v. SAMPSON, et al, Respondents

(32 N. W.2d 567.)

(File No. 8968.   Opinion filed May 20, 1948.)

**Lars A. Bruce,** of Yankton, attorney for Appellant.

**Frank Biegelmeier,** of Yankton, attorney for Respondent.

SICKEL, J.   This is an action to quiet title.   Plaintiff and the defendant Ed Sampson are owners of adjoining tracts of land in the City of Yankton.   The matter in dispute is the boundary line between the two tracts.   Judgment was entered in favor of defendant Sampson and plaintiff appealed.

The action was commenced by service of process on defendant Sampson on April 4, 1940.   This defendant

failed to appear or answer, and a default judgment quieting title in plaintiff was made and entered July 19, 1940. Motion to set aside the judgment and for leave to answer was made by defendant Sampson on November 26, 1946. This motion was heard on November 30, 1946, and an order granting the motion was entered on the same day. Appellant contends that this motion was not made within one year after notice of entry of judgment and that the proof submitted in support thereof failed to show mistake, inadvertence, surprise or excusable neglect according to SDC 33.0108, and that therefore the circuit court erred in granting the motion. It appears, however, that the order vacating the default judgment and granting leave to answer contained the condition that defendant pay to plaintiff terms in the sum of $25. It also appears that the terms were paid by the defendant and accepted by the plaintiff. By such acceptance plaintiff waived and abandoned her right to a review of the order on this appeal. Silvius v. Brunsvold, 32 S. D. 252, 142 N. W. 944.

Thomas Ford owned an irregular tract of land in the City of Yankton, bounded on the west by Burleigh Street and the Chicago, etc., Railway Company, on the north and east by Rhine Creek, and on the south by the Missouri River. The City of Yankton maintained what is called the Third Street sewer which had its outlet on the Ford land a few feet east of the intersection of Third and Burleigh Streets. From that point the sewer continued in an easterly direction as an open sewer across the Ford land to Rhine Creek and followed the course of that creek in a southerly direction to the Missouri River. The open drain was clearly marked by the depression through which the sewage was carried on its way to Rhine Creek. This sewer crossed the Ford land at or about the middle of the tract. In 1923 Ford conveyed to Britt all that part of the tract lying south of the sewer, and in 1934 the Administratrix of the Britt Estate conveyed the same tract to defendant Sampson. In 1928 Ford conveyed to Nielsens that .part of the tract lying north of the sewer, and in 1940 Nielsens conveyed it to the plaintiff. The facts which brought about this dispute

are aptly stated in the opinion of the circuit judge as follows: "In 1931 the city of Yankton constructed a concrete manhole, or trap, at the outlet of the 3rd Street sewer, and also constructed a concrete sewer extending in a southeasterly direction 610 feet from the 3rd Street manhole; beyond the concrete sewer the water and sewage makes its own channel in the swamp land and finally finds its way into Rhine Creek or the Missouri River." It is the strip of land south of the old sewer and between the new sewer and Rhine Creek which is in dispute. Plaintiff's claim to this strip of land arises out of the fact that the course of the sewer was changed; that the county auditor prepared and filed a plat showing the new sewer, instead of the older one, as the boundary line between the two tracts, and that the conveyance from Nielsens to plaintiff described the bounds of the north tract according to the auditor's plat. The conveyances referred to above show that Britt acquired title to all that part of the Ford tract lying south of the old sewer and west of Rhine Creek, and conveyed it to Sampson. Plaintiff acquired no interest in that part of the Ford tract, either by the change in the course of the sewer, or the auditor's plat, or by the form of the deed from Nielsens to plaintiff.

Judgment affirmed.

All the Judges concur.