SIEDENBURG, Respondent v. SOMMERFELD, Appellant

(90 N.W.2d 77)

(File No. 9696. Opinion filed May 13, 1958)

Rehearing denied June 26, 1958.

**Parnell J. Donohue,** Bonesteel, for Defendant-Appellant.

**G. F. Johnson,** Gregory, for Plaintiff-Respondent.

BOGUE, J.   In November 1951 a quarter section of land in Gregory County was conveyed, the grantees being designated as Anna Siedenburg or Udella Sommerfeld.   Anna

Siedenburg is the plaintiff in this action and Udella Sommerfeld was the wife of the defendant. Defendant and his wife moved on the land and occupied the same until the death of defendant's wife in 1956. After that time the defendant continued to occupy the same until dispossessed by this action. In November of 1952 defendant's wife executed and delivered a warranty deed purporting to convey her interest in this land to the plaintiff. Defendant did not join in the execution of this deed. While defendant and his wife occupied the land they moved some buildings thereon and made some improvements to the premises.

Plaintiff brings this action to quiet the title claiming she is the owner of the land and also asks for an accounting from defendant for rentals. Defendant denied plaintiff's ownership claiming that plaintiff made a gift to him and his wife of the land and as the only heir of his wife he is now the sole owner thereof. Defendant further contends that if the facts do not establish a gift he is at least a tenant in common of said land with plaintiff. He bases this latter contention on the claim that he had a homestead interest in the land and thus the deed from his wife to plaintiff is void.

The trial court entered judgment decreeing that plaintiff is the owner of said land and entitled to immediate possession; that defendant is entitled to remove from the premises the building he and his wife had moved thereon; and to recover from plaintiff the sum of $221.15 for the improvements. Defendant appeals from the whole of said judgment.

Plaintiff moves to dismiss the appeal on the ground that defendant accepted certain benefits from the judgment and therefore waived his right to appeal therefrom.

It appears that a judgment was obtained by the plaintiff against the defendant in another action; that defendant satisfied said judgment and in so doing offset the sum of $221.15 which was awarded to him by the judgment in this action, thereby and to such extent accepting the benefits of this judgment.

■ As a general rule, where a party voluntarily accepts benefits of a judgment such acceptance operates as a waiver of his right to any review of the case that could lead to a

denial or reduction of such benefit. Silvius v. Brunsvold, 32 S.D. 252, 142 N.W. 944; Schumuck v Sampson, 72 S.D. 224, 32 N.W.2d 567; 4 C.J.S. Appeal & Error § 215; and Annotation 169 A.L.R. 992. This rule applies to either a plaintiff or defendant. In 169 A.L.R. 992, it is stated "The principle operates correspondingly where the appeal is by the defendant. Although the judgment or decree may be in general against him, if he accepts some item of money or property awarded him by it which may be jeopardized by the appeal, his appeal will be dismissed."

The defendant by this appeal seeks to have the judgment of the trial court, adjudging the plaintiff to be the owner of the land, reversed or modified. In such event the matter of the defendant's right to compensation for improvements could again be in issue and could lead to a denial or reduction thereof. It is our opinion that this case comes within the general rule as heretofore set out. For the reasons stated the motion to dismiss the appeal is granted.

Appeal dismissed.

All the Judges concur.