**Lynn MUEHLENTHALER,**
**Plaintiff-Appellant,**

**v.**

**Donald DeBARTOLO, Mary DeBartolo**
**and Thomas DeBartolo,**
**Defendants-Appellees.**

**No. 83–667.**

Court of Appeals of Iowa.

Feb. 21, 1984.

Steven C. Jayne of the law offices of George G. West, Des Moines, for plaintiff-appellant.

Robert L. Oeth, Des Moines, for defendants-appellees Donald and Mary DeBartolo.

Thomas DeBartolo pro se.

Heard by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

DONIELSON, Judge.

Plaintiff appeals from judgment for defendants in an equitable action pursuant to Iowa Code section 630.16 seeking to subject certain real property to the satisfaction of a judgment against defendant Thomas DeBartolo. Plaintiff asserts that the evidence was sufficient to establish both that Thomas had an ownership interest in the property and that his conveyance to his parents was for the purpose of defrauding or hindering plaintiff in her effort to obtain satisfaction of her judgment against him. We reverse and remand.

Defendant Thomas DeBartolo was seriously in arrears with regard to support payments owed to plaintiff, his ex-wife, pursuant to terms of a 1976 dissolution decree. In 1979, he purchased certain real property using funds furnished by his parents, defendants Donald and Mary DeBartolo. Mary, as executor of an estate which contained that property and in which she had an interest, executed a deed conveying legal title to Thomas. All parties were aware of Thomas' support arrearage when, in 1980, Thomas conveyed the property to his parents for nominal consideration. Plaintiff then commenced this action pursuant to Iowa Code section 630.16, seeking to establish an equitable interest in the property.

Thomas testified that he thought that his parents were putting the property in his name in order to give him a piece of land. The trial court found that plaintiff failed to establish either Thomas' ownership interest or that the conveyance to his parents was for the purpose of defrauding or hindering plaintiff. This finding was based on testimony of Donald and Mary that they had allowed Thomas to receive legal title in order to avoid legal problems that might have resulted from any attempt by them to buy the property directly from the estate. Plaintiff then brought this appeal.

I.

Plaintiff filed this action under Iowa Code section 630.16:

*Equitable proceedings.* At any time after the rendition of a judgment, an action by equitable proceedings may be brought to subject any property, money, rights, credits, or interest therein belonging to the defendant to the satisfaction of such judgment. In such action, persons indebted to the judgment debtor, or holding any property or money in which such debtor has any interest, or the evidence of securities for the same, may be made defendants.

We believe the parties and the trial court properly framed the issues in determining if plaintiff is entitled to relief under this statute; i.e., 1) whether Thomas had an ownership interest in the property before he conveyed it to his parents by quitclaim deed in 1980, and 2) whether that conveyance was fraudulent as to plaintiff's rights as creditor against Thomas. Since this case was tried in equity, our review is de novo. Iowa R.App.P. 4.

## II.

■ With regard to the first issue, we are convinced that Thomas had an ownership interest in the property. It is not disputed that Thomas made an offer on the property, that offer was accepted by both executors of the estate, and the probate court approved the sale to Thomas. At that point, Thomas assumed the property had been conveyed to him; although his parents and not he furnished the consideration, Thomas thought the property a gift from his parents. Both parents acknowledged that the property was in Thomas' name before his quitclaim conveyance to them in 1980. Unlike the trial court, we are not persuaded by the parents' testimony that they did not intend a gift to Thomas—their actions in purchasing the property and placing it in Thomas' name belie any such "nongift" intent on their part. In viewing all of the evidence, we believe it is clear that Thomas had an ownership interest in the property. In doing so, we reject defendants' claim, raised for the first time in their appellate brief, that Thomas was merely a "strawman" in a transaction between his parents and the estate. We do not consider issues raised for the first time on appeal. *Beitz v. Horak,* 271 N.W.2d 755, 759 (Iowa 1978).

## III.

■ We are also convinced that the facts and circumstances of this case indicate that Thomas' quitclaim conveyance of the property to his parents was done for the purpose of defrauding or hindering plaintiff in the collection of the child support arrearages owed by Thomas to her. In determining whether a conveyance is fraudulent against a creditor, we look for certain badges or indices of fraud such as inadequacy of consideration, insolvency of the transferor, and pendency or threat of third party creditor litigation. *Rouse v. Rouse,* 174 N.W.2d 660, 667 (Iowa 1970). "And though blood relationship is not per se a badge of fraud, it may strengthen the inference arising from the circumstances, requiring strict proof of consideration and fairness of the transaction." *Id.*

■ We believe plaintiff has proven that all of the above badges of fraud are present in this case. It is undisputed that Thomas is the son of defendants Donald and Mary, that he was insolvent and in fact had no property after the conveyance, and that Thomas' parents paid him nominal consideration at best for the quitclaim deed. Finally, all defendants were aware of Thomas' support obligation to plaintiff, that he was in arrears on that obligation, and that plaintiff had a judgment against him for the past due support. Mary testified that Thomas was often in financial trouble and that she and Donald were concerned that someone might be able to get to the property while it was in Thomas' name. Plaintiff testified that she talked with Donald in late March or early April of 1980 and explained to him her need for the past due support and that she knew that Thomas had certain property in his name. Donald told plaintiff to "wait awhile, that they [he and Mary] would see what they could do." It was shortly after this conversation that, on April 8, 1980, Thomas con-

veyed the property to his parents by quit-claim deed. Thomas, however, continued to live on the property without charge for more than a year thereafter.

We conclude that the April 8, 1980, conveyance from Thomas to his parents was fraudulent as to plaintiff's rights. We therefore reverse the trial court and set aside that conveyance as to plaintiff. Pursuant to Iowa Code section 630.18, a lien is created in plaintiff's favor on the property involved. The cause is remanded for entry of judgment in conformity with this opinion.

REVERSED AND REMANDED.