356 N.W.2d 913 (1984)
Peg PENNOCK, Plaintiff and Appellant
v.
Levis PENNOCK, Defendant and Respondent.
No. 14447.
Supreme Court of South Dakota.
Considered on Briefs September 10, 1984.
Decided October 24, 1984.
*914 David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, for plaintiff and appellant.
Fredric Butler, Eagle, Colo., for defendant and respondent; Frank P. Gibbs of Simons, Gibbs, Feyder & Myers, Sioux Falls, on brief.
FOSHEIM, Chief Justice.
Peg (wife) and Levis (husband) Pennock were married on May 1, 1973. This was the second marriage for both. No children were born to them. The parties were each granted a divorce from the other in October 1983. The wife appeals. We affirm in part, reverse in part and remand.
We find no merit in husband's initial claim that wife waived her right of appeal by accepting two alimony payments and $500.00 of the $2,484.27 attorney fee award. But cf., Schmuck v. Sampson, 72 S.D. 224, 32 N.W.2d 567 (1948); Silvius v. Brunsvold, 32 S.D. 252, 142 N.W. 944 (1913); Lounsbery v. Erickson, 16 S.D. 375, 92 N.W. 1071 (1902) (plaintiff who accepts full payment of costs is precluded from appealing default judgment granted on condition defendant pay costs). Wife does not contest the alimony award. It was not incorporated into the property division. Neither does she dispute the attorney fee award. Furthermore, full payment has not been made on either item. See Lamphear v. Lamphear, 303 N.W.2d 576 (S.D.1981); Kerr v. Kerr, 74 S.D. 454, 54 N.W.2d 357 (1952).
The remaining issues are whether the trial court erred:
1) In its valuation of the parties' Vail, Colorado, home;
2) by not including in its property listing certain transfers made by husband shortly before trial; and
3) by dividing the property on a seventy percent (husband) thirty percent (wife) basis.

I. VALUATION OF THE HOME
Wife contends the trial court's valuation of the home was not within the range of evidence presented by the parties. The trial court valued the home at $135,000 gross.
This court will not disturb a property division unless it clearly appears that the trial court abused its discretion. Hersrud v. Hersrud, 346 N.W.2d 753 (S.D.1984). We cannot place a valuation on assets. That is a fact finding function of the trial court. Kittelson v. Kittelson, 272 N.W.2d 86 (S.D.1978). While we do not require exactitude, valuations must be within the range of evidence before the Court. See, Hersrud, supra; Krage v. Krage, 329 N.W.2d 878 (S.D.1983); Hanks v. Hanks, 296 N.W.2d 523 (S.D.1980). An appraisal indicated the home was worth $205,000.00 in 1980. The husband testified its value had since diminished. He established, and the wife accepted, a house value of $185,000.00. That left the value range between $205,000.00 and $185,000.00. The trial court's $135,000.00 valuation was therefore outside the range of evidence.

II. TRANSFERS NOT INCLUDED IN ASSETS
In 1980, following an earlier divorce action, the parties signed a reconciliation agreement in which husband agreed not to encumber the home. He nevertheless did encumber the home for $25,000. The wife contends the trial court wrongfully deducted that encumbrance from the gross value prior to making the property division because 1) she received no benefit from the encumbrance; 2) including the loan reduced the net equity and thus her share in the home; 3) encumbering the home violated the agreement and defrauded her; 4) husband loaned part of the money to his mother shortly before trial solely to deplete the marital estate. Husband argues on appeal that no written reconciliation agreement was introduced and that he considered the agreement ineffective once this divorce action was commenced. However, at trial husband testified he simply forgot about the agreement and that he encumbered the *915 home in February 1983, a month prior to the commencement of the divorce action.
Shortly before trial, husband transferred oil field interests valued at $15,000.00 to his mother in satisfaction of a premarital debt. He also made cash transfers of $11,100.00 to his brother, $4,200.00 to his daughter from a previous marriage, and $5,000.00 to a Mr. Riggs. He also loaned his mother $6,200.00. None of these items were included as assets of the marital estate. Husband testified he was merely getting "square with the world" before the divorce.
Wife identifies these as the wrongful transfers she claims were made to deplete the marital estate. Caldwell v. Caldwell, 5 Wis.2d 146, 92 N.W.2d 356 (1958). In Muehlenthaler v. DeBartolo, 347 N.W.2d 688 (Iowa App.1984), the Iowa Court concluded a fraudulent transfer occurred where a son quitclaimed property to his parents shortly before the ex-wife sought to enforce child support arrearages. The court looked to certain "badges of fraud" such as inadequacy of the consideration, insolvency of the transferor, pendency or threat of creditor litigation and blood relationships between transferor and transferee. Id. at 690. The Nebraska Court in Abraham v. Abraham, 203 Neb. 384, 279 N.W.2d 85 (1979), upheld a trial court's finding that a husband's assignment of an interest in a land contract to his mother was invalid as against a wife. The court considered the want of consideration, and the lack of adequate documentation of the loans from mother to son. Id. at 88-89; see also Rozan v. Rozan, 129 N.W.2d 694 (N.D.1964).
The Wisconsin Court distinguished Caldwell, supra, in Markham v. Markham, 65 Wis.2d 735, 223 N.W.2d 616 (1974), because the wife received some consideration for a transfer of stock, the transfer did not involve a substantial portion of the husband's assets, it had a valid business purpose, and there was no actual intent to deprive the wife of the property.
This issue was addressed in wife's proposed findings of fact and conclusions which were refused by the trial court. The absence of any findings by the trial court on the validity of these transfers frustrates our review. If fraudulent, they should have been included in the gross marital estate. See, Muehlenthaler, supra; Abraham, supra; Caldwell, supra. Otherwise, the trial court's result was correct, except for the homestead encumbrance and the $6,200.00 loan to husband's mother, which is an asset of the estate. See, Markham, supra. These transactions appear suspect in that they were: made shortly before the divorce trial; made with inadequate documentation; were transfers to blood relatives; and were payments in satisfaction of stale premarital debts. Muehlenthaler, supra. We do not, however, make determinations of fact in the first instance and accordingly remand for further findings as to whether the transfers were improperly made to deplete the marital estate. The trial court should also determine whether wife should in effect be held responsible for husband's voluntary payment for his adult children's education. All such factors should be considered by the trial court in determining marital assets.

III. SEVENTY PERCENT/THIRTY PERCENT DIVISION
Wife contends the trial court erred by awarding husband seventy percent and her thirty percent of the net marital estate. The court found that wife's contribution was minimized by her frequent absences from the marital home and limited time spent in the business endeavors. She also refused to contribute any of her premarital assets to the business. Wife claims the trial court did not adequately consider other required factors, such as duration of the marriage, ages of the parties, health, ability to earn, and the value of the property of each. Krage, supra; Hansen, supra. In Wolff v. Wolff, 349 N.W.2d 656 (S.D.1984), however, we held that a valid consideration was whether a wife depleted more than she contributed to marital assets. Id. at 658. Moreover, a trial court has broad discretion in dividing *916 property and its decision will not be upset absent a clear abuse of discretion. Id. at 659. The record supports the trial court's percentage division, provided all marital assets are properly included.
We reverse and remand for further findings by the trial court on the nature of the transfers. Such findings, together with an enhanced valuation of the home, and consideration of the $6,200.00 loan and education payments, will increase the net marital asset valuation. We cannot conclude, however, that a seventy/thirty percent division was an abuse of discretion.
WOLLMAN, MORGAN, and HENDERSON, JJ., concur.
WUEST, Circuit Judge, acting as Supreme Court Justice, concurs.