## BROWN, Appellant, v. BROWN, Respondent.

### (193 N. W. 596.)

#### (File No. 5198.  Opinion filed May 17, 1923.)

1. **Appeal and Error—Assignments of Error—Court Rules—Assignment of Error in Appointing Receiver Held Insufficient.**

   An assignment "that the court erred in making an order appointing a receiver," without setting out any reasons or particulars, is insufficient under rule 4 (170 N. W. viii).

2. **Divorce—Receivers—Apointment of Receiver to Take Charge of Land and Personalty Thereon Held Not Abuse of Discretion.**

   Where there was much controversy between a husband and wife, while an action for divorce was pending, as to the ownership of personal property, including crops on certain land, and their attitude toward each other was fraught with much hostility, the court did not abuse its judicial discretion in appointing a receiver to take charge of the land and personalty.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by Jennie A. Brown against Walter W. Brown for divorce. From an order appointing a receiver, plaintiff appeals. Affirmed.

*Mundt & Mundt*, of Sioux Falls, for Appellant.

*Bielski & Elliot*, of Sioux Falls, for Respondent.

(2)  Two point two, and contending that party must have a present interest in property, subject to receivership, Appellant cited: Fort Payne Furnace Co. v. Fort Wayne, etc., Iron Co., 11 So. 439, 38 Am. St. Rep. 109; Cartell v. McCravey, 86 S. E. 93; Chemung Min. Co. v. Hanley, 81 Pac. 619; Sweeny v. Mayhew, 56 Pac. 85; Sheridan Brick Works v. Marion Trust Co., 61 N. E. 666, 87 Am. St. Rep. 207; State v. Union Nat. Bank, 44 N. E. 585, 57 Am. St. Rep. 209; Steele v. Aspy, 27 N. E. 585;

Jackson v. King, 58 Pac. 1013; Vause v. Woods, 46 Miss. 120; Rheinstein v. Bixby, 92 N. C. 307; Kelly v. Fargo Merc. Co., 16 S. D. 73, 91 N. W. 350; Ogden City v. Bear Lake & R. W. W. & Irr. Co., 52 Pac. 697, 41 L. R. A. 305; 76 Ga. 135, 2 A. S. R. 26; 17 Am. Dec. 277; 145 Ind. 537; 97 N. W. 613, 4 Ann. Cas. 57; 63 A. L. R. 79; and that it should appear probable party will prevail: Moore v. Bank of British Columbia, 106 Fed. 574; Ryder v. Bateman, 93 Fed. 16; Lancaster v. Asheville St. Ry. Co., 90 Fed. 129; Kelley v. Boettcher, 89 Fed. 125; Hayes v. Jasper Land Co., 157 Ala. 340, 41 So. 909; Bank of Florence v. United States, Sav. & Loan Co., 104 Ala. 297, 16 So. 110; McBride v. Coy, 1 Alaska 238; Davis v. Taylor, 86 Ga. 506, 12 S. E. 881; People v. Weighley, 155 Ill. 491, 40 N. E. 300; Mead v. Burk, 156 Ind. 577; Thomas v. Timonds, 179 Iowa 509, 159 N. W. 881; Cofer v. Echerson, 6 Iowa 502; Gabbard v. Sheffield, 179 Ky. 422, 200 S. W. 940; Stern v. Shapiro, B. & Co., 99 App. Div. 405, 91 N. Y. Supp. 249; Houston Cemetery Co. v. Drew, 13 Tex. Civ. App. 536, 36 S. W. 802; Harden v. Wagner, 22 W. Va. 356; U. S. v. Honolulu Consol. Oil Co., 249 Fed. 167; Beecker v. Bininger, 111 Ga. 122, 36 S. E. 428; Hatcher v. Massey, 66 Ga. 66; Watkins v. Nat. Bank of Lawrence, 51 Kan. 254, 32 Pac. 914.

ANDERSON, P. J. Appeal from an order of the trial court appointing a receiver to take charge of the southeast quarter of section 7, township 99, range 49, Lincoln county, this state, together with certain personal property situate thereon. Plaintiff and defendant are husband and wife, respectively, and at the time of the appointment of the receiver an action for divorce was pending. Between these parties there seems to have been, and there is, much controversy as to the ownership of the personal property, including certain crops raised on the land. The attitude of these parties toward one another as it is reflected in the record was, and is, fraught with much hostility. The trial court, after a full hearing, appointed one A. M. Richardson as receiver of both the real and personal property with the usual powers to act. In the order appointing the receiver it is provided that he shall give a bond with sufficient sureties in the sum of $2,000 to be approved by the court, all of which has been complied with. It is generally stated by the authorities that the appointing, or the refusing to

appoint, a receiver, is largely a matter of the sound judicial discretion of the trial court. High on Receivers (4th Ed.) 34.

34 Cyc. 17:

"The appointment of a receiver is one of the prerogatives of a court of equity, exercised in aid of its jurisdiction, in order to enable it to accomplish as far as practicable complete justice between the parties before it. It is one of the modes in which the preventive justice of a court of equity is administered, an equitable remedy which bears a similar relation to courts of equity that proceedings in attachment bear to courts of law. Hence the appointment of a receiver has been stated to be an equitable execution or attachment, although it is also said to be in the nature not of an attachment but a sequestration. It is in the nature of and in effect an injunction but the rights to the two remedies are essentially distinct and depend upon different grounds and circumstances."

23 R. C. L. § 4:

"While it is sometimes said that appointment is a matter of arbitrary discretion, the general rule is that the action of the court must be governed by a sound and judicial discretion, taking into account all the circumstances of the case, exercised for the purpose of promoting the ends of justice and protecting the rights of all parties interested in the controversy and subject-matter, and based upon the fact that there is no other adequate remedy or means of accomplishing the desired objects of the judicial proceeding. Furthermore, this discretion is to be exercised with great caution and circumspection after full consideration of the facts of the particular case and the interest of all parties concerned. The appellate court will not interfere unless a clear abuse of discretion is shown."

[1] Counsel for respondent contend that appellant has injected into the record a large mass of useless and redundant matter wholly unnecessary to a decision on the order appealed from. This we believe to be true. Counsel for respondent also contend that the assignment of error is insufficient, presents nothing for the court's consideration, and that it is simply a statement "that the court erred in making an order appointing a receiver"; no reasons or particulars being set out following such purported as-

signment of error. This we also fear is too true. See rule 4 (170 N. W. viii).

[2] But aside from foregoing considerations and objections, we think that the trial court in making the appointment of receiver was justified in doing so, and that in so doing did not abuse the judicial discretion vested in it.

The order appealed from is affirmed.

Note—Reported in 193 N. W. 596. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 726, 3 C. J. 1505; (2) Divorce, Key-No. 207, 19 C. J. Sec. 731, 23 R. C. L. 28.