Jean F. HOLFORTY, Plaintiff
and Respondent,

v.

Danny L. HOLFORTY, Defendant
and Appellant.

No. 12423.

Supreme Court of South Dakota.

Argued Nov. 21, 1978.

Decided Dec. 26, 1978.

Keith B. Anderson of Anderson & Hutchinson, Huron, for plaintiff and respondent.

Ramon A. Roubideaux, Rapid City, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of the trial court granting Jean Holforty a divorce from Danny Holforty on the ground of extreme cruelty. Danny Holforty appeals from the child custody provision of the judgment. We affirm.

The parties were married on August 28, 1963, at Redfield, South Dakota. Three children were born to this marriage, namely, Lori, Traci and Jason. Their ages at the time of trial were 13, 10 and 6, respectively. Danny is a high school graduate and has been employed as a meter tester and repairman for Northwestern Public Service Company in Huron, South Dakota. Jean has been employed as a part-time school bus driver, a cook at the local school lunch program, and a worker at the school concession stand during athletic events. She is currently employed at Raven Industries in Huron.

Prior to their separation, the parties resided in a mobile home located on the farm owned by Danny's parents. The farm is a few miles east of Huron, South Dakota. In July of 1976, Jean left the parties' residence and took the children with her. They found temporary housing with friends on a nearby farm and later moved into a house in Huron. On January 4, 1977, Danny removed the children from the house in Huron and took them back to the mobile home in the country.

Jean instituted the present divorce action against Danny on January 7, 1977. After a full hearing, the trial court rendered its decision and entered a judgment of divorce on January 27, 1978. The trial court granted the divorce to Jean and divided the marital property. The custody of the three children of the marriage was awarded to Jean with provisions for their support. Danny was ordered to pay Jean's attorney fees of $500.

Our standard of review requires that we give due regard to the opportunity that the trial court has to judge the credibility of the witnesses and to weigh their testimony. Accordingly, the trial court's findings will not be set aside unless they are clearly erroneous. SDCL 15–6–52(a); *Pochop v. Pochop*, 1975, S.D., 233 N.W.2d 806; *Masek v. Masek*, 1975, S.D., 228 N.W.2d 334. We will accept the " 'version of the evidence including any reasonable inferences therefrom which are favorable to the trial court's determination.' " *Schutterle v. Schutterle*, 1977, S.D., 260 N.W.2d 341, 347.

■ The trial court awarded the divorce to Jean on the ground of extreme cruelty after indicating that each party presented evidence entitling them to a decree of divorce. The trial court pointed to several occasions when Danny physically abused Jean and to admissions by Danny regarding marital infidelity and found that such conduct and extramarital relationships constituted more serious misconduct than that of Jean. There is substantial evidence in the

record to support this finding; therefore, the award of the divorce to Jean was proper and not erroneous.

■ The seriously contested issue on this appeal is the award of custody of the children to Jean. In awarding custody of any minor child, the trial court must be guided by what appears, from all the facts and circumstances, to be in the best interests of the child relative to his temporal, mental, and moral welfare. SDCL 30–27–19; *Miller v. Miller*, 1976, S.D., 245 N.W.2d 501; *Masek v. Masek*, supra; *Wiesner v. Wiesner*, 1963, 80 S.D. 114, 119 N.W.2d 920. The trial court has broad discretion in awarding custody of minor children, and we will not interfere with the exercise of such discretion unless the record presents a clear case of abuse of discretion. SDCL 25–4–45; *Kester v. Kester*, 1977, S.D., 257 N.W.2d 731; *Masek v. Masek*, supra; *Oursland v. Oursland*, 1968, 83 S.D. 382, 159 N.W.2d 922; *Wiesner v. Wiesner*, supra; *Howells v. Howells*, 1962, 79 S.D. 480, 113 N.W.2d 533.

The record is replete with accusations of marital misconduct on the part of both parties. Several witnesses testified that Jean talked to, danced with, and associated casually with other men. We must remember that marital responsibilities must not be confused with parental responsibilities.* We have stated that where a mother is guilty of marital misconduct and there is no evidence of demonstrable harmful effect of such conduct upon the children it does not follow that she is an unfit person to have custody and that an award of custody to her is not in the best interest and welfare of the children. *Kester v. Kester*, supra; *Hershey v. Hershey*, 1970, 85 S.D. 85, 117 N.W.2d 267. We are not engaged in a domestic disciplinary action wherein the custody of a child becomes a means of punishing the guilty or rewarding the innocent. *Wiesner v. Wiesner*, supra. The consideration paramount to all others is the welfare and the best interests of the children. *Oursland v. Oursland*, supra.

---

* We must also remember that fault for purposes of divorce is not to be taken into account with regard to awarding custody of the children ex-cept as fault may be relevant to the fitness of either parent. SDCL 25–4–45.1.

The trial court found that 6-year-old Jason was of tender years based upon his age and his physical and mental development. In contests between parents for the custody of minor children of tender years, our statutes favor the mother in recognition of the universal rule that if she is a fit and proper person there is ordinarily no substitute for her care, guidance, love and devotion. SDCL 30–27–19(2); *Masek v. Masek,* supra. Accordingly, the trial court awarded custody of Jason to Jean, and we conclude that such award was not an abuse of discretion.

The trial court also awarded the two girls to their mother reasoning that one of the girls, Traci, was close to tender years, that the children should be kept together, and that the two oldest children were girls. We agree with such reasoning. To sustain the award of custody of the children to Jean, we turn to a review of the record regarding the fitness of the parents, particularly the mother. Viewing the welfare and best interests of the children, it appears that both parents had outside personal interests and pursued those interests at the expense of their children. Danny did a considerable amount of hunting and trapping, and Jean participated in bowling leagues and card clubs. These interests took the parents out of the home at times when the children could have used the care and protection of two dutiful parents. The testimony reveals that Jean was responsible for the care and upbringing of the children while the parties were married. Jean handled the finances in the home and purchased the groceries and clothing for her family, as well as altered and repaired the children's clothing. Jean prepared meals and did the laundering and miscellaneous household chores. She was the one who took the children to doctor and dentist appointments, 4–H meetings, ball games, swimming, and baton lessons. Jean got the children ready for school and transported them to school. She was also a member and officer of the Huron P.T.A. and attended the parent-teacher conferences of her children. Jean assisted in school carnivals and Christmas programs. She taught the children baking, sewing, cooking, and personal hygiene. She attended the Methodist Church, was a Christian service club member, and had taught Sunday School for a couple of years.

There is further evidence that Jean's two or three bedroom house in Huron was more spacious than the small 10 x 50 foot mobile home on the farm and was kept neat and clean. The house was near a grade school, a park, skating rink, and swimming pool. Jean's mother who had assisted considerably in baby-sitting the children also lived in Huron. The oldest daughter, Lori, had some baby-sitting experience and could also be of valuable assistance to Jean in taking care of the children.

We conclude that the mother has demonstrated her fitness, ability and willingness to properly perform her maternal duties, and the record contains substantial support for the trial court's finding that Jean is a fit and proper person to have the care, custody, and control of the children. Therefore, we hold that the trial court did not abuse its discretion in awarding custody of the children of the parties to Jean as such award appears to be in the best interests of the children regarding their temporal, mental and moral welfare.

Jean has requested a reasonable allowance for attorney fees and expenses in resisting this appeal by her husband and has suggested the sum of $2,000 as a reasonable amount. We have stated that this court and the circuit court have concurrent jurisdiction to require the husband in a divorce action to pay an allowance to enable the wife to present her side of an appeal. *Septka v. Septka,* 1963, 80 S.D. 299, 122 N.W.2d 766; *Kuehn v. Kuehn,* 1952, 74 S.D. 521, 55 N.W.2d 70; *Wells v. Wells,* 1910, 26 S.D. 70, 127 N.W. 636. However, we are not a fact-finding body, and we feel that the trial court is in a far better position to hear and pass on attorney fees in the first instance. Accordingly, the case is remanded to the trial court for a determination of a reasonable amount for attorney fees and expenses for resisting this appeal.

The judgment of the trial court is affirmed, and the case is remanded to the

trial court for the purpose of establishing a reasonable sum for attorney fees and expenses incurred by plaintiff in resisting this appeal.

All the Justices concur.