Monica SENGER, Plaintiff and Appellee,

v.

Alois SENGER, Defendant and Appellant.

No. 13264.

Supreme Court of South Dakota.

Considered on Briefs May 20, 1981.

Decided July 15, 1981.

Drew C. Johnson of Maloney, Kolker, Fritz, Hogan & Johnson, Aberdeen, for plaintiff and appellee.

Harvey M. Crow, McIntosh, and Dwight C. H. Kautzmann of Bair, Brown & Kautzmann, Mandan, N.D., for defendant and appellant.

HENDERSON, Justice.

ACTION

Alois Senger (husband) appeals from an order of the trial court dated August 27, 1980, which dismissed his motion to hold appellee Monica Senger (wife) in contempt of court for absconding with personal property belonging to him under a divorce decree dated September 28, 1979. Husband also appeals from the trial court's order

which directed him to convey a certificate of title to a motorcycle unto the wife and the trial court's refusal to appoint a receiver to enforce its own decree. Husband further appeals from an evidentiary ruling. The wife requests attorney fees on appeal. We affirm and award the wife appellate attorney fees.

## FACTS

The parties were divorced in September of 1979. In its divorce decree, the trial court awarded to the wife the parties' household furniture and furnishings, including silverware, china, glassware, and other household effects, along with her own personal wearing apparel and jewelry. The wife was also awarded "the other personal property [belonging] to her and the [parties' three minor] children[.]" The husband was awarded an automobile, farm machinery, a garden tractor and attachments, any grain, as well as his personal wearing apparel, jewelry, "and other personal property belonging to him, such as guns and fishing equipment, if any."

On June 27, 1980, the trial court, after receiving the husband's affidavit and application for order to show cause, issued an order to show cause. This order directed the wife to appear in court for a hearing on August 12, 1980, to account for various items of personalty awarded the husband as per the parties' divorce decree. The order to show cause hearing was duly held on the aforementioned date.

Affidavits by the husband, the wife, and Attorney Drew C. Johnson (the wife's trial and appellate counsel) were submitted to the trial court pursuant to the show cause hearing. Several witnesses testified at this hearing, including the parties themselves and one of their sons.

The husband called Attorney Johnson to testify as an adverse witness at the show cause hearing. The trial court, however, denied this request, pursuant to Attorney Johnson's objection. Immediately subsequent to the hearing, the trial court dismissed the order to show cause in totality.

## ISSUES

### I.

Did the trial court err in refusing to permit adverse examination of the wife's trial counsel? We hold that it did not.

### II.

Did the trial court err when it refused to appoint a receiver to effectuate the divorce decree? We hold that it did not.

### III.

Did the trial court err by awarding a motorcycle in the name of the husband unto the wife? We hold that it did not.

### IV.

Is the wife entitled to appellate attorney fees? We hold that she is so entitled.

## DECISION

### I.

The husband contends that the trial court erred by not allowing Attorney Johnson to testify as an adverse witness at the order to show cause hearing. Attorney Johnson had submitted an affidavit prior to the hearing in resistance to the husband's motion and affidavit. By submitting this affidavit, the husband contends, Attorney Johnson made himself a witness to the proceedings and potentially subjected himself to oral examination. Aside from his affidavit, Attorney Johnson did not orally testify for either party at the order to show cause hearing.

In *Jones v. South Dakota Children's Home Society, Sioux Falls*, 90 S.D. 126, 238 N.W.2d 677 (1976), this Court dealt with an appeal from a will contest to determine the validity of a realty conveyance pursuant to an agreement involving the decedent; the appeal also involved the issue of testamentary capacity. *Jones* concerned an attorney who drew up the will and also represented the will's proponent at trial. The attorney testified at trial, inter alia, with regard to

the decedent's mental capacity and competency at the time the will was executed. As we noted in *Jones*, "[The attorney's] testimony covered matters which were highly contested and went to the very heart of the lawsuit." 90 S.D. at 130, 238 N.W.2d at 679. Citing SDCL 19–1–3,* we held in *Jones* that if an "attorney does continue to represent the client after becoming a witness, his testimony will be considered incompetent and striken from the record." 90 S.D. at 133, 238 N.W.2d at 680.

In accord with *Jones*, then, any testimony by Attorney Johnson which might have dealt with the contested issues of the order to show cause hearing would have been incompetent. The substance of Attorney Johnson's affidavit contains six full paragraphs of sworn statements, only one sentence of which remotely pertains to the issues contested at the hearing. Consequently, we strike this one particular portion of the affidavit as incompetent and assert that this does not undermine the rationale or justification of the trial court's order.

Furthermore, the husband, subsequent to the trial court's refusal to allow Attorney Johnson to testify, failed to make an offer of proof; that is, the husband did not inform the trial court what evidence he intended to elicit through testimony of Attorney Johnson. SDCL 19–9–3(2) provides:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> .     .     .     .     .
>
> (2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

We hold that, consistent with *Jones* and the provisions of SDCL 19–9–3(2), the trial

court did not err when it refused to allow the husband to examine Attorney Johnson at the order to show cause hearing.

## II.

The husband secondly contends that the trial court erred by not appointing a receiver to insure enforcement of its divorce decree. SDCL 21–21–4(1) states that "[a] receiver may be appointed after judgment by the court in which the judgment was entered, or by the judge thereof: (1) To carry the judgment into effect[.]" In *Brown v. Brown*, 46 S.D. 469, 470–71, 193 N.W. 596, 596 (1923), we stated that "the appointing, or the refusing to appoint, a receiver, is largely a matter of the sound judicial discretion of the trial court." This Court will not interfere with the trial court's decision in this regard unless a clear abuse of discretion is shown. *Brown v. Brown*, supra.

Here, the husband's application for order to show cause did not specifically request that a receiver be appointed; rather, it merely prayed that the wife be held in contempt or, in the alternative, account for the disputed items of personalty. In any event, we have reviewed the manner in which the trial court handled the division of marital property in this rencontreous divorce and cannot say its refusal to appoint a receiver constitutes a clear abuse of discretion.

## III.

Third, the husband maintains that the trial court erred by awarding a 1973 Honda motorcycle to the wife at the order to show cause hearing when she had not requested it. In its order of August 27, 1980, the trial court stated:

> The Court finds that the 1973 Honda motorcycle was purchased by the defendant as a gift to his children prior to the

---

* SDCL 19–1–3 provides in pertinent part:

> When an attorney is a witness for his client upon any trial except as to merely formal matters such as the attestation or custody of an instrument or the like, he shall not further participate in such trial. This section shall

not apply when such attorney's testimony is offered in answer to evidence received on behalf of the other party and it shall appear to the satisfaction of the court that such attorney had no reason to anticipate the necessity of his being a witness[.]

commencement of this divorce action and even though the title to that motorcycle remained in his name, the children are entitled to that motorcycle.

Both the wife and the parties' fifteen-year-old son testified that the husband did, in fact, purchase the motorcycle as a gift for the parties' children. The trial court accordingly awarded the motorcycle to the wife for the benefit of the parties' three children, who are in the custody of the wife.

The divorce decree provided that the wife be awarded all "other personal property [belonging] to her and the [parties' three minor] children[.]" The motorcycle in question was not specifically listed in the divorce decree. Thus, we hold that the trial court's inherent power to enforce its divorce decree, SDCL 25-4-44, permitted an award of the motorcycle to the wife (as per the general verbiage of the decree itself) for the intended use of the parties' children.

### IV.

The wife requests that this Court award her appellate attorney fees. The trial court awarded her $200 attorney fees stemming from the order to show cause hearing. SDCL 15-17-7 empowers this Court to award attorney fees in a divorce case, both before and after judgment, provided that such award is "warranted and necessary." In determining whether one party should be required to pay another party's attorney fees, we will consider the property owned by each party; their relative incomes; whether the requesting party's property is in fixed or liquid assets; and whether either party unreasonably increased the time spent on the case. *Johnson v. Johnson*, 300 N.W.2d 865 (S.D.1980); *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979). With these considerations in mind, we hold that the wife is entitled to $250 in appellate attorney fees, payable by the husband.

We have reviewed the remaining contention advanced by the husband and find it devoid of merit. The order of the trial court is affirmed.

All the Justices concur.