**Kaye O'CONNELL, a/k/a Kay O'Connell, Plaintiff and Appellee,**

v.

**Daniel O'CONNELL, Defendant and Appellant.**

**No. 13990.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1983.

Decided Nov. 30, 1983.

Ronald W. Banks of Banks & Johnson, Rapid City, for plaintiff and appellee.

George A. Bangs of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellant; Allen G. Nelson of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, on brief.

DUNN, Justice.

This is an appeal from a judgment of the trial court granting Kaye O'Connell a divorce from Daniel O'Connell. Daniel appeals from the property division provisions of the judgment. We affirm.

Daniel and Kaye O'Connell were married on August 21, 1951. Five children were born to this marriage union, two of whom are deceased, while the other three have reached the age of majority. At the time of the marriage, Daniel was leasing the family ranch, which consisted of 2,480 acres, from his father. In 1954, Daniel and Kaye purchased the family ranch as joint tenants. Subsequently they acquired, in Daniel's name, additional real property, which brought the total size of the ranch up to approximately 6,279 acres. Both parties worked on the ranch during the entire thirty years of their marriage and knew no other form of employment.

Because of marital difficulties, Kaye filed for divorce; Daniel counterclaimed and sought divorce from Kaye. The trial court found that Kaye was entitled to the divorce. It also found that since the value of the assets which both parties infused into the marital estate was reasonably comparable, all of the property, including the ranch, should be equally divided.

Daniel raises three issues on appeal: 1) Did the trial court abuse its discretion by equally dividing the property? 2) Did the trial court abuse its discretion by ordering a division in kind of the real property? 3) Did the trial court abuse its discretion by refusing to grant Daniel a right of first refusal in the event Kaye desires to sell her portion of the real property?

We first deal with Daniel's contention that the trial court erred in ordering an equal division of the marital property. Daniel maintains that the trial court failed to give adequate consideration to the respective contributions of the parties and the income-producing capacity of the assets. We disagree.

Our statutes provide that the trial court must have regard for equity and the circumstance of the parties when making a division of property in a divorce proceeding. SDCL 25–4–44. The principal factors to be considered by the court when dividing the property are: duration of the marriage, value of the property, ages of the parties, the parties' state of health, the parties' competency to earn a living, contribution of each party to the accumulation of the property, and the income-producing capacity of the parties' assets. *Jones v. Jones,* 334 N.W.2d 492 (S.D.1983); *Clement v. Clement,* 292 N.W.2d 799 (S.D.1980). The trial court has broad discretion in making the division of property; we will not set the division aside unless it clearly appears that the trial court abused its discretion. *Jones, supra; Currier v. Currier,* 296 N.W.2d 713 (S.D.1980).

In examining the circumstances of this case, we can see no abuse of discretion by the trial court in dividing the property equally. While Daniel contributed somewhere between $13,940 and $80,000, along with his hard work and management of the ranch, to the marital assets, Kaye contributed money and labor of roughly equal value. We note the following facts: The family ranch was acquired jointly by Daniel and Kaye three years after their marriage. Out of her inheritance of over $61,000, Kaye contributed between $20,000 and $40,000 to family and ranch purposes. In addition, she used approximately $25,000 of her inheritance to pay the expenses for their deceased son's last illness. Kaye raised the five children and did the normal household chores; she kept the ranch records; she helped with the cattle when needed; and she cooked for ranch hands, who could number ten or twelve at certain times of the year.

Daniel's argument that the trial judge did not consider the income-producing capacity of the assets is inappropriate. The purpose of that factor in the trial court's determination is to insure that one party does not receive all the assets capable of producing income while the other party receives non-income-producing assets. *See Andera v. Andera,* 277 N.W.2d 725 (S.D.

1979); *Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D.1978). In the present case, both parties received an income-producing asset—a portion of the ranch. Therefore, the trial court properly considered that factor along with the contributions of the parties.

Daniel's second contention is that the trial court abused its discretion by dividing the ranch in kind between the parties. Daniel maintains that in cases of farm or ranch land, it is equitable and appropriate to award the ranch to the husband who managed it and to award payments to the wife for her share, rather than dividing the ranch into two units of "doubtful economic viability." Daniel relies heavily upon *Krage v. Krage,* 329 N.W.2d 878 (S.D.1983), in which we upheld the award of the entire ranch to the husband.

This court has stated that in dividing marital property, an equitable division is paramount to one party's interest in keeping the ranch intact. *Hanson v. Hanson,* 252 N.W.2d 907 (S.D.1977). In *Kittelson, supra,* we held that if a husband is awarded the entire farm and the distribution is inequitable, a proper remedy would be to convey part of the farm to the wife. In *Krage, supra,* we upheld an award of the entire ranch to the husband because an in kind division would "destroy" the ranch as an economic unit.

While there was some evidence in the present case that neither portion of the divided ranch would be self-supporting, there was also testimony by Daniel and an appraiser that the ranch as a whole could not generate sufficient income to finance a buyout of Kaye's fifty percent interest in the ranch. If so, Daniel's suggested property settlement is totally unworkable. As to the economic viability of each parcel of the divided ranch, one local rancher testified that he believed the ranch would still be viable even after a split. It also appears that there is lease land available to augment both parcels, increasing the chances of success for the separate ranches. In sum, the evidence does not indicate that the ranch will be "destroyed" by an in kind division. Since an equitable division was

the primary concern of the trial court in dividing the real property, and since a division of the ranch into two equal parts achieves the equitable purpose, we cannot say that the trial court abused its discretion.

■ Finally, Daniel contends that he should have a right of first refusal in the event Kaye desires to sell her portion of the ranch. Daniel cites no authority to the effect that such a right should be granted, neither does he show that the trial court abused its discretion by failing to grant a right of first refusal. We therefore find that his contention is without merit.

The judgment of the trial court is affirmed.

All the Justices concur.