James Robert **HERSRUD**, Plaintiff and Appellant,

v.

Katherine May **HERSRUD**, Defendant and Appellee.

Nos. 13938, 13950.

Supreme Court of South Dakota.

Considered on Briefs Nov. 28, 1983.

Decided April 11, 1984.

Linda Lea M. Viken of Finch & Viken, Rapid City, for plaintiff and appellant.

Richard Helsper of McCann, Martin & Mickelson, Brookings, for defendant and appellee.

MORGAN, Justice.

This is the second appeal from the property division in a divorce decree that terminated a five-year marriage. The husband brought the action for divorce against the wife on grounds of extreme cruelty and the wife counterclaimed against the husband for a divorce on the same grounds. The trial court heard the evidence, formulated findings of fact and conclusions of law, and granted each party a divorce from the other. On this appeal we affirm the decision of the trial court.

The trial court found that the husband purchased the Big Thunder Gold Mine, a tourist attraction in Keystone, in 1969, prior to the marriage and during the marriage this property was improved and additional real estate was purchased. The trial court found that the total increase in the value of the marriage assets was approximately $30,000. The trial court further found that both parties contributed their earnings to the marriage and each contributed equally toward their education expenses and the gold mine. The trial court concluded that each party could keep the items of personal property in his or her possession and determined that husband would pay wife $15,000 for her one-half share of the increased value of the marriage assets. The marriage assets included the increased value of the mine and the real property which were awarded to husband because they could not be equitably divided.

Husband appealed from the portion of the judgment which divided the personal property and the part of the judgment which ordered him to pay wife $15,000 for her share of appreciated marriage assets. Wife also served a notice of review concerning the trial court's personal property disposition and the $15,000 settlement payment. This court remanded the matter to the trial court for entry of findings of fact and conclusions of law on property valuation, as required by *Guindon v. Guindon*, 256 N.W.2d 894 (S.D.1977) and SDCL 25–4–44. Pursuant to this court's order of remand, the trial court entered additional findings and conclusions on June 30, 1983. The parties stipulated and the trial court found that the personal property and debts were equitably divided except for corporate assets and liabilities, a campground membership and interests in real estate owned at the time of the divorce. On this appeal, our review is limited to whether the trial court equitably divided these assets.

It is settled law in South Dakota that this court will not disturb a property division unless it clearly appears that the trial court abused its discretion in entering its judgment. *Ostwald v. Ostwald*, 331 N.W.2d 64 (S.D.1983); *Hrdlicka v. Hrdlicka*, 310 N.W.2d 160 (S.D.1981); *Guindon, supra.*

On appeal the husband questions whether the evidence showed a $30,000 increase in the value of the marital assets during the course of the marriage. The trial court subtracted the assets held at marriage ($8,000 real estate equity) from those held at the time of the divorce ($38,600 real estate equity), approximated the increase in value at $30,000, divided that amount in half and awarded the wife $15,000. This court has affirmed a trial court's use of this approach for the valuation of encumbered assets when the findings are based on evidence submitted by the parties and the trial court's valuations are within the range of the parties' estimates.

Here the trial court's valuation of the business was within the range of the parties' estimates; we do not require exactitude in valuation. *Krage v. Krage*, 329 N.W.2d 878 (S.D.1983). The valuation need only be within a reasonable range. *Hanks v. Hanks*, 296 N.W.2d 523 (S.D.1980). The husband responded at trial that the gold mine was worth $47,000 at the time of the marriage. The trial court adopted that figure and then found $39,000 in liabilities and

arrived at $8,000 as the net equity at that time. The husband testified at trial that at the time of the divorce the business was worth $105,000. The wife's appraiser set the value of the business property at $112,000. Husband contends that the trial court allowed the wife's appraiser to employ the wrong valuation approach in that he compared the real property to similar properties and valued the Hersrud property at its highest and best use rather than its current use. The trial court valued the marital assets at the time of the divorce at $106,600 and found debts of $68,000, leaving a net equity at the time of the divorce of $38,600. The figures arrived at through the trial court's use of this approach are not clearly erroneous.

The husband next asserts that the increased value is the result of mortgaged and loan-financed improvements that increased the debt picture. The husband claims that when the appraised value is offset with the amount owing against the property the net equity is substantially less than is indicated by the trial court's findings.

■ This court's review of the trial court's consideration of these factors and its valuation, is limited to determining whether there was an equitable division of the property except for assets minimized by mortgages or liens. *Krage, supra; Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D. 1978). The trial court's property valuation in this case turned upon its evaluation of two appraisers and their conflicting testimony. The trial court viewed the evidence and the witnesses and made findings and conclusions. Findings will not be set aside unless clearly erroneous, and regard must be given to the trial court's opportunity to judge the credibility of witnesses. SDCL 15-6-52(a). The trial court apparently for-

mulated a plan for division of the property based upon a pattern established by this court for equitably splitting indivisible property. *See Krage, supra; Wallahan v. Wallahan,* 284 N.W.2d 21 (S.D.1979). This court will not readily modify a judgment that follows a well-considered pattern of distribution, *Krage, supra,* and this division appears to be a carefully conceived arrangement, *see, e.g., Krage, supra,* well within the bounds of the trial court's discretion.

■ The wife has requested an allowance for attorney fees on this appeal pursuant to SDCL 15-17-7, which empowers the court "to order payment of attorneys' fees in all cases of divorce, annulment of marriage, or for separate maintenance and alimony, where the allowance of the same before or after judgment shall seem warranted and necessary to the court." This court and the trial court have concurrent jurisdiction to require payment of attorney fees on appeal. *O'Connor v. O'Connor,* 307 N.W.2d 132 (S.D.1981) *citing Holforty v. Holforty,* 272 N.W.2d 810 (S.D.1978). *See Laird v. Laird,* 322 N.W.2d 254 (S.D. 1982). "SDCL 15-17-7 empowers this Court to award attorney fees in a divorce case, both before and after judgment[.]" *Senger v. Senger,* 308 N.W.2d 395, 398 (S.D.1981). We award her $750.00 attorney fees and costs on this appeal.

We affirm the decision of the trial court.

All the Justices concur.