Frances L. STORM, Plaintiff
and Appellant,

v.

James E. STORM, Defendant
and Appellee.

No. 15307.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1986.

Decided Jan. 28, 1987.

Wesley W. Buckmaster of Stephens, Quinn & Buckmaster, Belle Fourche, for plaintiff and appellant; Randall L. Macy of Stephens, Quinn & Buckmaster, Belle Fourche, on brief.

Terry L. Hofer of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee.

PER CURIAM.

Frances L. Storm appeals from a decree and judgment granting her a divorce from her husband, James E. Storm. We affirm.

Frances and James were married on August 7, 1978. No children were born of the marriage. At the time of the divorce, both were fifty years old and in reasonably good health. Both parties brought considerable property to the marriage. Frances' assets included $13,000 in cash, a 1974 Maverick, and a house purchased in 1978 for $33,500. (Frances paid half of the sale price of the house and her father paid the other half. Her father gave her his share of the house in 1983.) James' assets included $87,000 in cash, farm and ranch equipment valued at between $300,000 and $400,000, and two vehicles. The parties agreed to keep their premarital property separate, and any property purchased during the marriage with premarital assets was also to be kept separate.

Soon after the marriage, James and Frances built a new home. James purchased two lots and used approximately $51,000 of his premarital cash to build the house; he also did much of the construc-

tion work himself. Frances did not contribute any cash to build the house, but she did assist with drawing plans, painting, sanding, etc. After the couple moved to their new home, Frances was able to rent the house she owned. During the course of the marriage she received $6,712 in rental income, which was deposited in her own savings account. Frances used the rental income and interest income earned during the marriage to purchase silver coins valued at $2,500, a 1976 Chrysler valued at $2,000, and a 1976 Subaru valued at $1,000; she also obtained a $3,500 lien on a mobile home.

After almost seven years of marriage, Frances filed for divorce. The trial court granted her a divorce and divided the property as follows:

| Frances | James |
|---|---|
| —Her house, valued at $33,500 | —The new house, valued at $68,842 |
| —1974 Maverick | —1976 Chrysler |
| —The silver coins | —1976 Subaru |
| —The lien on the mobile home | —A pickup |
| —Miscellaneous other property | —Miscellaneous other property |

The trial court did not divide the equity in the houses since the agreement to keep their premarital property separate "would include the equity that either party had during the marriage in their separate homes."

On appeal, Frances argues that the trial court abused its discretion in dividing the marital property. She contends that she should share in the $17,000 equity in the new house and argues that she should receive credit for the 1976 Chrysler and 1976 Subaru since the cars were purchased with her "premarital assets." We disagree.

█ The trial court has broad discretion in making a division of property, and this court will not set it aside unless it clearly appears that the trial court abused its discretion. *Garnos v. Garnos,* 376 N.W.2d 571 (S.D.1985). The factors to be considered in dividing marital property are the duration of the marriage, the value of the property of each of the parties, the ages of the parties, their health and competency to earn a living, and the contributions of each of the parties to the accumulation of the marital property. *Id.; O'Connell v. O'Connell,* 340 N.W.2d 700 (S.D.1983).

█ A careful examination of the record reveals that Frances' contentions have little merit. The extensive costs of the parties' new home were borne *exclusively* by James; he also provided much of the labor. Furthermore, Frances fails to point out that she was only a half owner of her house at the time of the marriage; her father's one-half interest was conveyed to her during the marriage. Consequently, the rental income and interest income received by Frances, which were used to purchase the automobiles in question, cannot be regarded as entirely the product of her premarital assets. The automobiles were marital property, subject to division by the trial court. Therefore, we find no abuse of discretion by the trial court.

Both parties have filed separate motions for attorney fees and costs. The motions are accompanied by verified, itemized statements of costs incurred and legal services rendered, as required by *Malcolm v. Malcolm,* 365 N.W.2d 863 (S.D.1985).

█ In determining whether one party should be required to pay another party's attorney fees, this court considers the property owned by each party, their relative incomes, the liquidity of the assets, and whether either party unreasonably increased the time spent on the case. *Barrett v. Barrett,* 308 N.W.2d 884 (S.D.1981); *Senger v. Senger,* 308 N.W.2d 395 (S.D. 1981). Based on the liquidity of the parties' assets and the lack of merit in Frances' appeal, we award James $1,000 in attorney fees, plus costs and taxes.

The judgment of the trial court is affirmed.

FOSHEIM, Retired Justice, participating.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.