Judy K. **STRUCK**, Plaintiff
and Appellee

v.

James L. **STRUCK**, Defendant
and Appellant.

No. 15583.

Supreme Court of South Dakota.

Considered on Briefs May 21, 1987.

Decided Dec. 23, 1987.

Daniel J. Nichols of Craig & Nichols, Sioux Falls, for plaintiff and appellee.

David R. Gienapp of Arneson, Issenhuth and Gienapp, Madison, for defendant and appellant.

WUEST, Chief Justice.

This is an appeal from an order entered by the trial court concerning post-divorce matters. We reverse.

The original divorce action incorporated a property settlement and child custody agreement. The original judgment and decree was entered on December 7, 1984. Thereafter, Judy Struck (Appellee and custodial parent) brought an order to show cause to increase child support pursuant to SDCL 25–7–7. In addition to the request for increased child support, the order to show cause requested a change from the original judgment and decree so as to allow her to claim all three of the minor children as exemptions on her federal income tax return. The original decree provided James Struck (Appellant) would be allowed to claim two of the minor children.

A hearing was held and the court entered an order on October 3, 1986, which increased child support from $350.00 to $525.00 per month. When reminded by appellee's counsel he had not ruled on the exemption issue, Judge Heege wrote a letter saying: "[I]n accordance with the philosophy of the current revenue laws, I believe the custodial parent should be entitled to claim the dependency exemption for children and I will enter an order to that effect ..." The order was entered October 8, 1986. Appellant challenges that order.

As the trial court correctly noted, generally, the dependency exemption for children of divorced taxpayers will go to the parent having custody of the child for the greater part of the calendar year. 26 U.S.C.A. § 152(e)(1) (West 1984 & Supp.

1987); 26 U.S.C.A. § 152(e)(1) (West Special Pamphlet, Tax Reform Act of 1986). There are, however, three exceptions to the general rule. One exception arises when a pre–1985 divorce decree or separation agreement between the parents grants the exemption to the noncustodial parent and the noncustodial parent provides at least $600.00 for the support of the child for the year in question. 26 U.S.C.A. § 152(e)(2)(A) (West 1984 & Supp.1987); 26 U.S.C.A. § 152(e)(3), (4) (West Special Pamphlet, Tax Reform Act of 1986). *See also, former* 26 U.S.C.A. § 152(e)(2)(A) (West 1984); 1987 U.S. Master Tax Guide (CCH) paragraph 154A; 1 Federal Tax Guide 1987 (P–H) paragraph 9253; 2 Federal Tax Guide 1987 (P–H) paragraph 53, 786; R.W. McGee, Tax Planning In Divorce Settlements (P–H 1985). The record reveals that appellant received the right to the exemptions in the original pre–1985 decree and had been paying about $4,500.00 in yearly child support for three children. Thus, appellant fits the exception.

We believe the trial court erred in relying on the general rule as to dependency exemptions. Therefore, we reverse the order reallocating the exemptions.

■ Judy has filed a separate motion for attorney fees and costs. It is verified and itemized as required by *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D.1985). In determining whether one party should be required to pay the other, in this type of case, we consider the property owned by each party, the relative incomes, the liquidity of the assets and whether either party unreasonably increased the time spent on the case. *Storm v. Storm*, 400 N.W.2d 457 (S.D.1987). Considering those factors, we award Judy $474.80 in suit money which consists of $350.00 attorney fees, $45.00 for sales tax on fees, and $79.80 for copying appellee's briefs and affidavit in support of suit money.

MORGAN, J., concurs specially.

HENDERSON, J., specially concurs in part and dissents in part.

MILLER, J., concurs in result in part and dissents in part.

SABERS, J., dissents.

MORGAN, Justice (concurring specially).

I concur in the disposition of the issue on appeal and I concur specially in the allowance of appellate attorney fees and costs in the guise of "suit money" to the unsuccessful party.

First, I note the language of SDCL 15–17–7, which states, in pertinent part: "[N]othing herein abridges the power of the court to order payment of attorneys' fees in all cases of divorce ... if the allowance of the same before or after judgment is warranted." Secondly, I find the language in our case, *Holforty v. Holforty*, 272 N.W.2d 810, 812 (S.D.1978), to be instructive, wherein we stated: "[T]his court and the circuit court have concurrent jurisdiction to require the husband in a divorce action to pay an allowance *to enable the wife to present her side of an appeal."* (Emphasis added.) *See also Johnson v. Johnson*, 291 N.W.2d 776 (S.D.1980); *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979).

Nor am I unmindful of the provisions of SDCL 15–30–6 which provide that certain costs shall be awarded to the prevailing party on appeal. That is not a new statute. It has been on the books since the 1939 Code. There have been some modifications of the descriptions of the costs covered and the amounts allowable in relation thereto, but the thrust thereof, costs shall be allowed to the prevailing party, has been an essential element throughout.

In *Johnson, supra* and in *Lien, supra*, we relied on SDCL 15–17–7. That statute has never been repealed, therefore, I find the cases previously cited to be good authority.

It would therefore appear that there is precedential language for the allowance of the "suit money" in this case except that I have been unable to find any case where this court has, in fact, allowed attorneys' fees against a successful appellant and in favor of an unsuccessful appellee. In a number of cases, we have allowed fees to successful appellees. *Storm v. Storm*, 400

N.W.2d 457 (S.D.1987); *Barrett v. Barrett,* 308 N.W.2d 884 (S.D.1981); *Senger v. Senger,* 308 N.W.2d 395 (S.D.1981). In *Johnson, supra,* as in *Holforty, supra,* we remanded to the trial court for a determination of a reasonable amount for attorney fees and expenses for resisting the appeal. In both *Holforty* and *Johnson,* the wife was again the prevailing party.

Before an award of attorney fees and expenses is allowable, however, I believe that the court should be satisfied from the record and the application that the allowance is *warranted,* using the wording of the statute. The simple filing of a motion per *Malcolm v. Malcolm,*[*] should not be sufficient. In this case, I agree with the majority that the allowance as made is warranted.

I would further distinguish this case from the decision in *McGee v. McGee,* 415 N.W.2d 812 (S.D.1987), wherein the question was allowance to an *unsuccessful appellant.* In that case, a very strong case should be required to "warrant" an allowance, otherwise we would be encouraging frivolous appeals. It would be like betting against the house with the house's money.

HENDERSON, Justice (specially concurring in part; dissenting in part).

The circuit court's shift of two dependency exemptions from James to Judy Struck was a modification of the divorce decree. *State ex rel. Dryden v. Dryden,* 409 N.W.2d 648, 651 (S.D.1987). "There can be no modification of a divorce decree unless a change of circumstances can be shown to have affected one or both of the parties." *Id.* (citations omitted). In this case, the circuit court's Order did not encompass a change of circumstances. In any event, I agree with the majority opinion that the circuit court erred in interpreting the current revenue laws. In addition to the authorities cited in the majority opinion, a succinct analysis of the present state of the

law is contained in *Dryden,* 409 N.W.2d at 652 n. 2.

Regarding this Court's award of $350.00 for attorney's fees, while I question the wisdom of awarding attorney's fees to a nonprevailing party on appeal, past cases indicate that we have wide discretion in awarding these fees. *See, e.g., Storm v. Storm,* 400 N.W.2d 457 (S.D.1987); *Barrett v. Barrett,* 308 N.W.2d 884 (S.D.1981); *Senger v. Senger,* 308 N.W.2d 395 (S.D. 1981); *Johnson v. Johnson,* 300 N.W.2d 865 (S.D.1980); *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979). This Court's language in these decisions speaks in terms of the equity of a situation rather than to awarding attorney's fees based upon whether a party won or lost on appeal. There is no "warranted" basis for attorney's fees based on this record, in my opinion. Thus, appellee would receive no attorney's fees under my writing.

However, I disagree that costs should be awarded to a totally unsuccessful party on appeal. SDCL 15–30–6 is captioned "Costs allowed to prevailing party on appeal." Under SDCL 15–30–7, appeal costs are left to this Court's discretion when a new trial is ordered or when a judgment is affirmed in part and reversed in part. Therefore, costs awarded to a totally unsuccessful party on appeal are, at the very least, impliedly prohibited by statute. Perusing the 1985 South Dakota Session Laws, Chapter 406, Rule 85–1, I note how unminced the words are of the statute.[*] Consequently, I dissent from the majority opinion which awards costs to Judy Struck, a completely unsuccessful party on appeal.

MILLER, Justice (concurring in result in part and dissenting in part).

Because I believe that the majority misses the crucial point and reverses the trial court for the wrong reason, I can only concur in the result.

[*] 365 N.W.2d 863 (S.D.1985).

[*] Costs on appeal to the Supreme Court shall be allowed to the prevailing party in civil actions and special proceedings as follows: ....

Although I agree with the majority that the trial court misperceived the Internal Revenue laws, I am convinced that such error is immaterial. The significant factor in this appeal is that no evidence was presented to the trial court and the trial court made no finding that there had been a change in circumstances to warrant modification. SDCL 25-4-45; *State ex rel. Dryden v. Dryden*, 409 N.W.2d 648 (S.D. 1987); *Gross v. Gross*, 355 N.W.2d 4 (S.D. 1984); *Tank v. Tank*, 272 N.W.2d 831 (S.D. 1978). Absent such evidence and findings, it was improper for the trial court and the majority to address the merit issues dealing with Internal Revenue laws.

I agree with Justice Henderson that the award of attorney fees and costs is inappropriate in this case.

SABERS, Justice (dissenting).

The trial court held that there was a sufficient change of circumstances to:

1) increase monthly child support from $375 to $525, and

2) allow wife to claim the minor children as exemptions for Federal income tax purposes.

Husband did not appeal from (1), and thus, the change of circumstance argument is final. Therefore, Husband must establish that the trial court abused its discretion. Husband *did not* and *can not* meet this burden. Therefore, we should affirm the trial court.

Judy should have prevailed and she should have been awarded attorney's fees, tax, and costs under SDCL 15–17–7. Even though she did not prevail, I concur with Justice Morgan's writing on attorney's fees, tax, and costs because special circumstances exist here which warrant them.