Rosella MOSER, Plaintiff and Appellant,

v.

Mearl Allen MOSER, Defendant and Appellee.

No. 15603.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 1988.

Decided April 27, 1988.

Linda Lea M. Viken of Finch and Viken, Rapid City, for plaintiff and appellant; Scott McGregor of Finch and Viken, Rapid City, on brief.

Jack Von Wald, Selby, for defendant and appellee.

MORGAN, Justice.

Rosella Moser (Sally), appellant, appeals from a judgment and decree of divorce, granting such divorce to Sally and to Mearl Allen Moser (Mearl), appellee. We affirm in part, reverse in part and remand.

Sally raises four issues on appeal. That the trial court erred in failing to grant Sally alimony under the circumstances of the case. That the property division was in error because the trial court incorrectly considered premarital property and failed to include the appreciated value of real property, which appreciation was realized during the marriage. Finally, that the trial court erred in refusing to grant Sally attorney fees.

Mearl filed no appellee's brief. Although he has some $66,000 worth of assets at issue, he notified this court that he cannot afford an attorney and is satisfied with the trial court's decision. Well he might be, but that is not the end of it. In a case involving an application for a writ of mandamus, the respondent stood on the record, rather than respond to the petition. We therein noted:

> The [respondent] apparently expects this court to search the record and brief its case. This is totally unacceptable. As a tribunal, we may not lend our offices to a respondent in order to formulate its argument and then sit in judgment on the merits of its cause.

*In re Richard,* 373 N.W.2d 429, 431 (S.D. 1985). The frustrating position we were placed in, in that case, is equally applicable to appeals. We recently stated in *Birchfield v. Birchfield,* 417 N.W.2d 891, 893 (S.D.1988):

> In the past, we have not specifically addressed the failure of an appellee to submit a brief. We could easily hold that failure to file a brief is tantamount to an admission by an appellee that appellant's appeal is meritorious and summarily reverse the appealed judgment. However, the ends of justice do not allow us to do so *here* [.] (Emphasis in original.)

We are precluded from summarily disposing of appeals in such a summary manner, partly because we do not want to inadvertently write bad law in such a disposition and partly because it would not be good judicial economy to reverse cases for rehearings or retrials just because the appellee neglected to protect his own interests. We give notice, however, that, considering the heavy volume of appellate filings, appellees who are so neglectful will

receive short shrift with respect to any arguments advanced by appellants that can be decided in appellant's favor on the face of the record.

Sally and Mearl were married October 17, 1976. Judgment and decree of divorce was filed on October 23, 1986. Sally was twenty years of age at the time of the marriage and Mearl was thirty-five years of age. No children were born of this marriage. Both parties have a high school education and are in good physical health. At the time of the marriage, Mearl was engaged in farming and Sally was employed as a bank teller, becoming a branch manager before her retirement in October of 1985. The income of both parties was contributed to the marriage. In 1976, Mearl's father deeded to him a one-quarter section (160 acres) of land. Further facts will be offered where necessary to the decision.

■ We must first admonish Sally's counsel for her frequent reference to the trial court's memorandum opinion, which was not incorporated in the court's findings of fact and conclusions of law. As we said in *Connelly v. Sherwood,* 268 N.W.2d 140 (S.D.1978), the memorandum opinion is merely an expression of the trial court's opinion of the facts and the law. It has no binding effect. The findings of fact and conclusions of law and judgment, as signed by the judge, are the binding statement of adjudication. *Yankton Prod. Credit Ass'n v. Jensen,* 416 N.W.2d 860 (S.D.1987). *See also Andersen v. Andersen,* 399 N.W.2d 363 (S.D.1987); *St. Pierre v. St. Pierre,* 357 N.W.2d 250 (S.D.1984) (where memorandum decisions were incorporated into the findings of fact and conclusions of law).

We will first address the property division issues. Sally argues that the trial court erred in considering Mearl's premarital assets as a factor in the division of the marital property and, further, that the trial court erred in failing to include the appreciated value of the real property realized during the marriage.

■ The trial court has broad discretion in making a division of property and we will not disturb that decision unless it clear-

ly appears that the trial court abused its discretion. *Storm v. Storm,* 400 N.W.2d 457 (S.D.1987); *Garnos v. Garnos,* 376 N.W.2d 571 (S.D.1985); *Pennock v. Pennock,* 356 N.W.2d 913 (S.D.1984); *Hersrud v. Hersrud,* 346 N.W.2d 753 (S.D.1984). "We cannot place a valuation on assets. That is a fact finding function of the trial court." *Pennock, supra,* at 914; *Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D.1978). However, the valuations set by the trial court must be within the range of evidence before it. *Pennock, supra; Hersrud, supra; Krage v. Krage,* 329 N.W.2d 878 (S.D. 1983). Factors to be considered in dividing marital property are:

(1) The duration of the marriage,

(2) The value of the property of each of the parties,

(3) The ages of the parties, their health and competency to earn a living, and

(4) The contributions of each of the parties to the accumulation of the marital property.

*Storm, supra; Garnos, supra; O'Connell v. O'Connell,* 340 N.W.2d 700 (S.D.1983).

The trial court entered no findings as to the implication of the duration of the marriage or as to the implication of the ages of the parties. The trial court entered a finding that Mearl was *presently* suffering from depression, but did not indicate how this fact influenced its decision. There is testimony in the record that Mearl sought counseling just prior to or right after the separation of the parties. There is also testimony in the record that Mearl had, at an earlier date, been urged to seek counseling and refused to do so. We fail to understand how Mearl's present emotional state should influence his competency to earn a living. In fact, there is no evidence in the record that Mearl's ability to earn a living has been reduced. Further, in light of the fact that the trial court specifically found that "each of the parties has no special skills and the earning capacity of each party is similar," we determine that Mearl's present emotional state is of no significance.

■ The trial court also found that Mearl was entitled to all of the farm machinery and equipment. This finding ignores evidence in the record that the machinery brought into the marriage had debt on it that was paid off during the marriage and that more machinery was bought and paid for during the marriage. In examining the record, there are indications that the trial court failed to properly value the property. The trial court found the value of all household furniture, furnishings, and appliances at $10,000. Mearl submitted that household furniture and appliances had a value of $14,000. Exhibit 31. Sally submitted that household furnishings and appliances had a value of $13,325. Exhibits 1 and 2. As valuations must be within the range of evidence before the court, we hold the trial court's finding to be clearly erroneous. Therefore, we remand to the trial court for a re-evaluation of the property of each of the parties.

■ Sally's second property division argument deals with the trial court's failure to recognize her contribution to the increase in equity of the value of the quarter section of land Mearl received as a gift from his father. We find the trial court's finding in this regard to be clearly erroneous. The trial record indicates, and it is not contradicted, that Sally worked for nine years, and during that time bore the burden of all living expenses for the parties. It is highly likely, considering the couple's financial condition, that had Sally not contributed to the living expenses of the parties Mearl would have had to encumber the real estate, thus decreasing the equity he now enjoys. We remand to the trial court for a re-evaluation of the equity in the quarter section of real estate and emphasize that, in making a property division award, the trial court *must* consider all of the factors outlined in *Storm, supra.*

■ We turn next to the contention that the trial court abused its discretion in denying alimony payments. Specific findings of import include: both parties are high school graduates; their earning capacity is similar; they are both in good physical condition; and fault was equal. Based on the factors to consider in determining whether alimony should be awarded, as set forth in *Arens v. Arens,* 400 N.W.2d 900 (S.D.1987), we cannot conclude on this record that the trial court abused its discretion. Denial of alimony is affirmed.

■ Finally, we reject Sally's contention that the trial court abused its discretion in denying attorney fees. In light of the trial court's particular findings that the parties' skills and earning capacities were similar and that neither was financially stable, we do not find an abuse of discretion.

Affirmed in part, reversed in part, and remanded for re-evaluation of the premarital property, property acquired during the marriage, and equity in the quarter section of real estate.

SABERS and MILLER, JJ., concur.

WUEST, C.J., concurs in result.

HENDERSON, J., concurs in result without writing.

WUEST, Chief Justice (concurring in result).

I concur in the result of this decision but do not join in the admonitions to Sally's counsel nor to Mearl for failure to submit a brief.