Jackie **LITTLER**, Plaintiff and Appellant,

v.

**SOUTH DAKOTA DEPARTMENT OF LABOR**, Defendant and Appellee,

and

**Bob's Family Restaurant**, Employer and Appellee.

No. 15810.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1988.

Decided July 20, 1988.

Mark Falk of Black Hills Legal Services, Inc., Rapid City, for plaintiff and appellant.

Drew C. Johnson, Sp. Asst. Atty. Gen., South Dakota Dept. of Labor, Aberdeen, for defendant and appellee.

MORGAN, Justice.

Jackie A. Littler (Jackie) appeals from the circuit court decision affirming the South Dakota Department of Labor (Department) decision that Jackie was discharged for work-connected misconduct and is ineligible to receive unemployment insurance benefits. We reverse.

Jackie's brief was duly filed with this court on September 28, 1987. On November 10, 1987, this court was informed, by letter from Department, that "it will not be filing a rebuttal brief for the reason that there are no statutory challenges to the agency's decision, but rather it is a simple interpretation of what the facts and evidence showed at the time." Bob's Family Restaurant (Bob's) did not file a brief with this court, nor with the circuit court. In fact, since the hearing at Department level, no correspondence has been received from Bob's; however, Bob's has been in receipt of all decisions, briefs, and letters since that time.

■ We do not condone the theory that a party should be relieved of defending in an action because it considers further litigation to be a needless expenditure of time and money. For the purpose of judicial economy, it cannot be left to the court to search the record for one party's argument when the other party has diligently sought review. Further, such an imposition places the reviewing court in the probable position of advocating for the defaulting party.

■ In this action, both Department and Bob's had a position to protect. Pursuant to SDCL 61–7–13, Department is a *party* to *any* judicial action involving any Department decision. Thus, Department's letter to this court and to the reviewing court that it would not be participating because it felt this was a fact-based appeal is not persuasive. Jackie's position on appeal is that Bob's did not meet his burden of proof (preponderance of the evidence). If, as claimed, Bob's did not meet his burden of proof, then Department's findings would be clearly erroneous. This is a question of law. We deem Department's failure to file a brief to be an abandonment of its position. *See, Moser v. Moser,* 422 N.W.2d 594 (S.D.1988); *Birchfield v. Birchfield,* 417 N.W.2d 891 (S.D.1988); *In re Richard,* 373 N.W.2d 429 (S.D.1985).

■ Similarly, Bob's had a position to protect. A further holding by Department was that, because of Jackie's misconduct, Bob's experience-rating account would be exempt from charge. This holding directly affects Bob's contribution to the unemployment insurance fund. Bob's cavalier attitude in totally ignoring both appeals is inexcusable. We note that Bob's had notice on both occasions that Department would not be filing a brief. We deem Bob's failure to acknowledge the appeal as an abandonment of its position. SDCL 15–26A–60 requires that appellant's brief contain issues supported by reasons and citation of authority. SDCL 15–26A–61 requires the same of appellee's brief, "except that a statement of the issues or of the case and the facts need not be made unless the appellee is dissatisfied with the statement of appellant." It can be inferred from this that appellee is not relieved as to any other brief submission obligations. As

we said in *Birchfield,* "an appellee should file a brief even when convinced the appeal is totally lacking in merit." 417 N.W.2d at 893. As admonished in *Moser,* appellees will "receive short shrift with respect to any arguments advanced by appellants that can be decided in appellant's favor on the face of the record." *Moser,* 422 N.W.2d at 596. We find this to be such a case.

We reverse the decision of the circuit court affirming Department's decision and direct the circuit court to enter judgment reversing Department's decision, with instructions to Department to award Jackie unemployment compensation benefits per the statute and to adjust Bob's experience-rating account accordingly.

All the Justices concur.