[No. 13037. Department One. February 15, 1916.]

BEN OECHSLI et al., Appellants, v. WASHINGTON ELECTRIC RAILWAY COMPANY, Respondent.[1]

RAILROADS—RIGHT OF WAY DEED — CONSTRUCTION—ABANDONMENT —LIMITATIONS. Where a right of way deed for an electric railway provided for a forfeiture and reversion in case the railroad should be "abandoned,", the next clause, providing that "rights hereby granted shall not determine in any event prior to the expiration of the period of two years," is not a limitation on the grant fixing the time within which the road must be built, but is a limitation on the right to declare a forfeiture, qualifying the preceding clause for the benefit of the grantee.

SAME—RIGHT OF WAY—DEED—FORFEITURE—ABANDONMENT. Under a right of way deed for an electric railroad, providing for a forfeiture and reversion "if said railroad shall be abandoned," a delay in or failure to electrify the road within a reasonable time is not ground for forfeiture of the grant, nor any evidence of an abandonment of the road.

SAME. In such a case, the jury could not infer an abandonment of the intention to electrify the road, where it appears that the construction was not completed and that the grantee was setting electric poles and placing copper plates on the rails for the purpose of electrification, and negotiating for electric power.

SAME—RIGHT OF WAY DEED—VIOLATION OF TERMS—REMEDY OF GRANTOR—INJUNCTION. Where a public service corporation had constructed a railroad under a right of way deed for an electric road, the grantor's only remedy is for damages, and injunction against

[1]Reported in 154 Pac. 1079.

operation does not lie, if the company violates the terms of the grant by permanently abandoning the use of electricity for steam, where that was not made a ground of forfeiture in the deed.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered May 4, 1915, in favor of the defendants, dismissing an action for equitable relief, tried to the court. Affirmed.

*W. A. Reynolds*, for appellants.

*Forney & Ponder* and *C. D. Cunningham*, for respondent.

ELLIS, J.—Action to cancel a deed of a right of way for an electric railway because of an alleged failure of the defendant, as successor in interest to the grantee, to comply with the terms of the grant. Plaintiffs also seek to enjoin the maintenance or operation of any railroad on the right of way, and to recover damages for injury to the land caused by the construction of a roadbed across it.

Omitting acknowledgment and description, the deed reads:

"Know all men by these presents: That Ben Oechsli and Christiana Oechsli, husband and wife, in consideration of the sum of $1 to them in hand paid, and the benefits to accrue to them by reason of the operation of an electric railroad over the lands herein described, do hereby grant and convey to George A. Robinson, his heirs, successors, or assigns, a right of way for the construction, operation and maintenance of a railroad; said right of way to be thirty-five feet wide on each side of center line of said railroad as the same shall be definitely located and constructed over and across the following described premises, to wit: [describing property and location of right of way].

"The right hereby granted shall be held and possessed by the party of the second part, heirs, successors, and assigns so long as he, or his successors, heirs, or assigns shall maintain and operate such railroad over and across the lands aforesaid, provided, however, that if said railroad shall be abandoned all right hereunder shall cease and the right in and to the lands hereby granted shall revert to the grantor herein, or his heirs or assigns without notice or declaration of forfeiture and the same as if this contract had not been

made, but the rights hereby granted shall not determine in any event prior to the expiration of the period of two years from the date hereof.

"The right of way to be properly fenced on both sides and provision made for station at or near county road, if demanded, to have half acre of additional land for station purposes.

"Witness our hands and seals the 25th day of March, 1910.
                          "Ben Oechsli
                          "Christiana Oechsli."

It is conceded that the defendant is a public service corporation and has acquired the interest of Robinson. It has constructed a railroad from Chehalis for a distance of about seven and a half miles, running through the plaintiffs' land, which lies about four miles from Chehalis. It has acquired a right of way some distance further, and the railroad is still in process of construction. For about three years, trains have been operated by steam over the road through plaintiffs' land, mainly in connection with construction work, but whatever freight is offered is hauled for hire. Poles for electrifying the road have been set from Chehalis through plaintiffs' land, and have been distributed for setting to a considerable distance further. Copper plates are placed at the rail joints for use in operating the road by electricity. Of the plaintiffs' land, one-half acre, selected by them, has been fenced for a station, and a switch has been constructed thereon. The entire right of way across plaintiffs' land has been fenced.

Defendant, for a considerable time, has been negotiating for electrical current with a power company which has a high-power transmission line running alongside the road as far as the plaintiffs' land, but no contract has yet been consummated. The evidence shows that, in order to use this current, it would be necessary, at great expense, to install transformers at substations to reduce the voltage. It is fairly deducible from the evidence that the business which the road would get over the short distance to which it has

been constructed would not justify the expense of electrifying it at the present time, but the defendant's president testified that it is the intention to do so when the road shall have been completed from Chehalis to Onalaska, where there is a large mill, and expressed the belief that this would be done within the next year and a half. He also testified that the work has been much delayed by financial conditions and by suits in condemnation for completing the right of way. At the close of the evidence, the court, on defendant's motion, withdrew the case from the jury and dismissed it. Plaintiffs appeal.

Appellants claim that the clause in the deed declaring that the "rights hereby granted shall not determine in any event prior to the expiration of the period of two years from the date hereof," fixes a limitation within which the road must be built and in operation to avoid a forfeiture. We think not. This clause, when read in context, was clearly inserted for the grantee's benefit. It was intended to qualify the immediately preceding provision that, "if said railroad shall be abandoned, all rights hereunder shall cease and the right in and to the lands hereby granted shall revert to the grantor herein," etc. The provision, as a whole, makes plain the intention of the parties that the only ground for a forfeiture shall be the abandonment of the railroad. The final clause was intended to preclude even the failure to commence work within two years from being construed as an abandonment. It is a limitation on the right to declare a forfeiture, not a limitation on the grant.

It is next contended that the grant was for an electric railroad, and that there was sufficient evidence to take the case to the jury on the question whether a reasonable time had elapsed in which to electrify the road. This question is interesting but foreign to the issues. The action was one for a forfeiture, an injunction, and for damages to the land occasioned by the grading of the roadbed. None of these remedies is available under the deed for any delay in any

detail of the work, but only for an abandonment of the railroad. The failure to electrify the road within a reasonable time, though it might be made ground for an action in damages for the additional servitude imposed by the use of steam as a motive power instead of electricity, is no ground for a forfeiture of the grant, nor for an injunction, and obviously neither augmented nor diminished the physical damage to the land occasioned by grading the roadbed. The deed does not provide for a forfeiture because of any delay in electrifying the road. The failure to employ electricity as a motive power was no evidence of an abandonment of the railroad, which was the only condition for a forfeiture. There was no evidence whatever of such abandonment. Whether, therefore, the deed be viewed as a grant with a condition subsequent, or of an estate limited upon a contingency, can make no difference. If viewed as the former, the condition is in process of performance. If as the latter, the contingency has not arisen. *Mouat v. Seattle, Lake Shore & Eastern R. Co.,* 16 Wash. 84, 47 Pac. 233.

Neither was there any evidence of an abandonment of the intention ultimately to electrify the road, even if the deed could be so construed as to make the abandonment of that intention a ground of forfeiture. All of the evidence pointed the other way. The setting of the poles and the placing of copper plates for that purpose verify the president's testimony that such is the ultimate purpose. There was no evidence from which the jury could have inferred an abandonment of that purpose. By the terms of the deed, abandonment, not mere delay, is the only ground of forfeiture.

In any view of the case, the respondent is certainly in no worse position than it would have been had it entered upon the appellants' land and constructed the railroad without any deed but with their knowledge. Being a public service corporation invested with the power of eminent domain, it could not be ejected from the land nor enjoined from the operation of its road. In such a case, under the rule to which this

court is committed, the appellants' only remedy would be to recover damages in the value of the land taken and for injury to the land remaining. *Kakeldy v. Columbia & P. S. R. Co.*, 37 Wash. 675, 80 Pac. 205; *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Thorberg v. Hoquiam*, 77 Wash. 679, 138 Pac. 304; *Domrese v. Roslyn, ante* p. 106, 154 Pac. 140. But the respondent here entered and constructed its road under a grant of the right of way. Obviously and *a fortiori*, if it were conceded that it had violated the terms of the grant by permanently abandoning the intended use of electricity for that of steam, the appellants' remedy would be, as we have said, only the damages, if any, to their land resulting from the added servitude. No such case was presented by the pleadings, and no evidence tending to prove such damage was introduced or offered so as to warrant a court amendment and a submission of that issue to the jury. Since no such issue was presented, nothing that we have said can be construed as *res judicata* of that issue should the respondent eventually abandon all intention to electrify the road or unreasonably delay that course to the appellant's damage.

The judgment is affirmed.

Morris, C. J., Mount, Fullerton, and Chadwick, JJ., concur.