HOUGHTON, Respondent, v. HOUGHTON, Appellant.

(157 N. W. 316.)

(File No. 3803.     Opinion filed April 11, 1916.     Rehearing denied
May 27, 1916.)

1.  Divorce—Support of Children—Subsequent Order for—Allowance
to Wife, Distinguished—Statutes.

   In an independent action for future maintenance, support
and education of the children after a decree of divorce had
been granted between the parties, but which decree was silent
as to the relief now sought, held, that under Civ. Code, Sec.
91, providing that in an action for divorce the court may, be-
fore or after judgment, give such direction for the custody,
care and education of the children of the marriage as may
seem necessary or proper, and may at any time vacate or
modify such direction; and although the decree of divorce was
silent as to such provision, the court had the power to make
a subsequent order in the same action for such support; but
held, further, that the provision in Civ. Code, Sec. 92, author-
izing the court to modify its orders concerning allowance to the
wife in a divorce suit, should not be confused with the provision
in Sec. 91; and Sec. 92 does not apply to a case where the
decree was silent as to such allowance, since in such circum-
stances there would be nothing to modify, and therefore the

court could not at a future time make an order in the same suit for such allowance.

2.   Divorce—Relation of Children of Divorced Parties to the Court—Welfare of Children, Controlling Factor—Futility of Parents' Contract for Childrens' Support.

A fundamental difference exists between the position of divorced parties toward each other and the position of their children relative to either or both parents. In a divorce case the children are and continue to be virtually wards of the court, which is and continues to be concerned with their best interests and welfare, and not with the wishes of either of the parents; which interests are the controlling factors in the mind of the court regarding both the matter of allowance and support and that of the custody; and parents are powerless to provide by irrevocable contract what the future liability of either shall be regarding the support, maintenance and education of the children; as the court has power, and is bound to look after their welfare when the matter is brought to its attention.

3.   Divorce—Support of Children—Independent Action for Maintenance of Children After Divorce—New Suit as Motion in Original—Supplemental Complaint.

Where plaintiff, ten years after procuring a decree of divorce and custody of the children, for whose maintenance no provision was made in such decree, brought an independent suit in the same court against her former husband to obtain relief by way of future maintenance, support and education of the children, the complaint in which suit alleged that it was made an amended and supplemental complaint in the original action, held, that the present action will be considered a motion in the divorce suit, the defendant having appeared and answered; although the matter should have been brought to the attention of the court by proceedings in the former action; and the court, for the purposes of the case, will hold that the parties are actually before the trial court in the original divorce action.

4.   Divorce—Decree for Custody of Children—New Suit for Maintenance of Children—Res Judicata in re Custody—Statute.

Since, under Civ. Code, Sec. 91, the court, before or after judgment in a divorce suit, continues to have jurisdiction over the question of custody, care and education of the children, for the purpose of giving such directions regarding those matters as may be deemed necessary or proper, and may vacate or modify the same, held, that a decree of divorce awarding custody of children to the wife, was not res judicata, where during ten years since such decree was rendered, there has been a material change in the situation and condition of the parties as to their fitness as such custodians.

5.  Divorce—Support of Children—Remedy Against Defendant's
    Property—Personal Security, Not Injunction Against Disposing
    of Property.

        Where a divorced wife sues her former husband to require
    him to make provision for support and education of their
    children, held, that a judgment which, in addition to requiring
    plaintiff to pay a certain sum monthly for such support, etc.,
    enjoined defendant from selling or disposing of certain prop-
    erty until further order of court, should, in view of his claim
    that under the injunction he will be powerless to collect a
    certain mortgage, be modified by permitting him to give secur-
    ity for payment of the judgment, so as to release his property
    from the effect of the judgment and injunctional order.

.6.  Divorce—Decree for Children's Support—Provision for Modifica-
    tion of Order as to Changed Conditions and Childrens' In-
    terests.

        A decree of the trial court requiring the divorced husband
    to pay certain stated amounts for maintenance, care, and
    education of the children in the custody of his former wife,
    should specifically provide for its further modification from
    time to time as changed conditions and the children's interests
    require.

Appeal from Circuit Court, Deuel County. Hon. CARL G.
SHERWOOD, Judge.

Action by Marie Antoinette Houghton, against Ashley L.
Houghton, for maintenance by defendant husband, of his children.
From a judgment for plaintiff, and from an order denying a new
trial, defendant appeals. Judgment and order affirmed.

*W. W. Knight,* for Appellant.

*Ravelle, Ravelle & Ravelle,* and *C. A. Mead,* for Respondent.

(1) To point one of the opinion, Respondent cited: Civ.
Code, Sec. 92; Cameron v. Cameron, 140 N. W. 700, 31 S. D.
335; Reid v. Reid, 39 N. W. 102 (Iowa); Davis & Michel v.
Grt. Northern Ry. Co., 151 N. W. 128.

(2) To point two of the opinion, Appellant cited: Civ.
Code, Secs. 110, 120, 91.

Respondent cited: Slattery v. Slattery (Iowa) 116 N. W.
609.

(3) To point three of the opinion, Appellant cited: Hall v.
Green, (Maine) 47 Am. St. Rep. 311; Karen v. Karen, (Utah)
95 Am. St. Rep. 815; Corder v. Speake, (Ore.) 51 Pac. 647;
Yates v. Yates, (Wis.) 147 N. W. 60; Brown v. Smith, (R. I.)
30 L. R. A. 681; Kerr's Cyc. Code of California, Vol. 2, Sec.

138; Brow v. Brightman, 136 Mass. 187; Pollock v. Pollock, 9 S. D. 48.

Respondent cited: Gibson v. Gibson, (Wash.) 40 L. R. A. 587; King v. Miller, 56 Pac. 931; Adams v. Abbott, 66 Pac. 427.

(6) To point six of the opinion, Respondent cited: Crockett v. Crockett, (Iowa) 106 N. W. 944.

GATES, J. In 1903 plaintiff was granted a divorce from defendant, on the ground of cruelty, by a decree of the circuit court within and for Deuel county. Said decree awarded plaintiff the custody of the twin children of said marriage, then about two years of age, but made no provision for the maintenance, support, or education of the children. Prior to the entry of the decree of divorce the parties settled their property matters out of court, the defendant paying plaintiff the sum of $2,200 for plaintiff's allowance, attorney's fees, and for the support of the children. The cause before us is in form an independent action brought in the same court by the same plaintiff against the same defendant in September, 1913. The relief sought, so far as we are now concerned, was a provision for the future maintenance, support, and education of the children. The trial court found that since the divorce the defendant has paid nothing for their support except the sum of $70; that by reason of ill health and the want of financial means the plaintiff is now unable to properly support, maintain, and educate the children; that the defendant is now worth about $17,000 while at the time of the divorce he was not worth to exceed the sum of $4,000; and that the sum of $75 per month is required for the support and maintenance of the children. As conclusions of law, the court found that the defendant was liable for the proper maintenance, support, and education of the children, and that plaintiff was entitled to a decree therefor and for a reasonable attorney fee in the action. Judgment was entered requiring defendant to pay the sum of $75 per month for the purposes mentioned, beginning with the month of February, 1915, to C. A. Mead, trustee, and requiring the payment of $150, attorney fee to plaintiff's attorneys. From the judgment and order denying a new trial, defendant has appealed.

Appellant contends that he is not liable in any event for the maintenance, support, or education of the children; but that if he

were liable it would ony be in a proceeding brought in the original divorce action.

[1] Respondent's counsel assert in their brief that they brought this independent action, instead of applying to the court in the original action, because of the decision of this court in Cameron v. Cameron, 31 S. D. 335, 140 N. W. 700, Ann. Cas. 1915D, 1062. If that is so, they are entirely mistaken in assuming that the decision in the Cameron case modified in any respect the decision of this court in the Marks case, 22 S. D. 453, 118 N. W. 694. In the Marks case this court expressly refrained form determining the question that was later decided in the Cameron case, but did expressly decide that even though the decree of divorce was silent as to a provision for the support, etc., of the child, the court had the power to make an order at a later date in the same action for its support, basing the decision on the plain language of section 91, C. C., viz.:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same"

In the Cameron case this court held that when the divorce decree was silent as to an allowance to the wife, there was nothing to modify, and therefore that under the provision of section 92, C. C., "And the court may from time to time modify its orders in these respects," it could not at a future time make an order for an allowance to the former wife.

[2] The distinction between the language of the two sections of statute is plain and obvious, and no one ought to be confused as to the attitude of this court upon the two questions. Moreover, there is a fundamental difference between the position of divorced persons towards each other and the position of the children with relation to either or both of the parents. While the former husband and wife are no longer husband and wife, the relation of parent and child still exists between the mother and children on the one hand, and between the father and the children on the other hand, even though the mother has their exclusive custody. In a divorce case the children are, and continue to be virtually wards of the court. Wald v. Wald, 168 Mo. App. 377, 151 S. W. 786. It is the welfare of the children that the court

is concerned with, not the wishes of either of the parents, and we do now declare that parents are powerless to provide by irrevocable contract what the future financial liability of either shall be with relation to the support, maintenance, and education of the children. 27 L. R. A. 56, note, 42 L R. A. (N. S.) 1013, note. The court has the power, and it is its bounden duty, to look after the welfare of the children when the matter is properly brought to its attention. The Michigan Supreme Court in a habeas corpus proceeding between parents for the possession of a child, has well said:

"In contests of this kind the opinion is now nearly universal that neither of the parties has any rights that can be allowed to seriously militate against the welfare of the child. The paramount consideration is what is really demanded by its best interests. It is doing no violence to what is taught by judicial experience to assume that the disputing parties will be more alive to the satisfaction of their own feelings and interests than to the true end of the inquisition; while the innocent subject of the contention is utterly unable to speak or act for itself, and is in danger of being lost sight of in the strife for its possession. No other occasion can call more loudly for judicial vigilance in reaching for the exact truth, and in putting aside with an unsparing hand the mere technicalities of procedure. The fate or interest of the child is not to depend on what the parties may see proper to state or to evade in their formal altercations, nor on any artificial rule of pleading." Corrie v. Corrie, 42 Mich. 509, 4 N. W. 213.

[3] While we agree with the appellant that the matter should have been brought to the attention of the trial court by proceeding in the former action, we think it our duty to brush aside this technicality, and so for the purposes of this case we now consider the present action as a motion in the divorce action. As before pointed out, the parties were the same, the forum was the same, and the merits were considered precisely as though respondent had proceeded, in form, in the former action. The defendant appeared in this action and answered, thereby submitting himself to the jurisdiction of the court. This obviated any possible question of jurisdiction of the court over the

person of the defendant. Moreover, in the amended complaint, the following allegation appears:

"And plaintiff makes this as her amended supplemental complaint and petition in said original action wherein said decree was granted."

For the purposes of this case we are of the opinion that the parties were actually before the trial court in the original divorce action. Morrill v. Morrill, 83 Conn. 479, 77 Atl. 1. To reverse the judgment because of respondent's failure to so proceed, would be to sacrifice substance for form.

[4] Neither can we sanction respondent's contention that the original decree of divorce is res judicata so far as the custody of the children is concerned. By the plain wording of the statute the court in which the divorce is granted continues to have jurisdiction over the question of the custody, care, and education of the children. The courts have usually held that the original decree is not res judicata where there has been a material change in the situation and condition of the parties as to their fitness as such custodians. 14 Cyc. 810.

[5] Not only does the best interest of the children continue to be the controlling factor in the mind of the court in regard to the matter of an allowance for their support, but also in regard to their custody. People ex rel. Allen v. Allen, 40 Hun, 611; 41 L. R. A. (N. S.) 570, note II, 597, note XII.

[6] We have examined the record with care and find nothing to criticize or alter in the decree of the trial court, except possibly that part of the decree which enjoins the appellant from selling or disposing of certain property until the further order of the court. Appellant claims that under such injunction he will be powerless to collect a certain mortgage and that he ought to be permitted to give security for the payment of the judgment, if sustained, and that his property be released from the effect of the judgment and injunctional order. Such a request is certainly a reasonable one and we have no doubt but that upon proper security being given, the trial court will grant it.

[7] We are also of the opinion that the trial court should, and it is hereby directed to, modify the decree in the original action in accordance with its judgment and decree rendered and entered, in form, in this action as herein modified, and that it be

specifically provided that such decree is subject to further modification from time to time as changed conditions and the best interests of the children require.

The judgment and order denying a new trial are therefore affirmed.