Kristi K. WARNE, Plaintiff
and Appellee,

v.

Randall L. WARNE, Defendant
and Appellant.

No. 14487.

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1984.

Decided Dec. 26, 1984.

Rehearing Denied Jan. 29, 1985.

Darla Pollman Rogers of Meyer & Rogers, Onida, for plaintiff and appellee.

Dennis H. Hill of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellant.

FOSHEIM, Chief Justice.

This is an appeal from a judgment granting appellee, Kristi K. Warne (wife), a divorce from appellant, Randall L. Warne (husband). We affirm as modified.

The parties were married in Colorado on July 2, 1974. They have two children: Revi, age thirteen, and Amanda, age eight. Custody to wife is not disputed. The parties lived on the Warne Ranch, which is a partnership established in 1969 by husband's parents and grandparents. At the beginning of the marriage, husband worked on the ranch as a salaried employee. The parties added their own sheep operation on the ranch. Gradually, husband obtained a greater ownership interest and more management responsibility, and when his parents left the ranch in 1981, he assumed complete management. Wife cared for the home and family and also helped outside, particularly with the sheep operation. She gained a 2.52 percent ownership interest in the partnership.

The ranch consisted of about 8000 acres, 3500 acres of which was farmland. The trial court found that the partnership property (excluding growing crops) and values were:

| | |
|---|---|
| Real Estate | $2,750,000.00 |
| Livestock ($185,000 less $31,000 (sheep)) | $ 154,000.00 |
| Machinery, equipment & vehicles ($164,000 less $15,000 (personal vehicles)). | $ 149,000.00 |
| | |
| Total | $3,053,000.00 |

Husband's interest at time of trial was found to be 14.38 percent, 2.23 percent of which was acquired before the marriage. His 12.15 percent interest acquired during the marriage was made subject to the property division and valued at $370,939.00. His interest in growing crops was valued at $30,500.00; Wife's partnership interest was valued at $76,936.00; The sheep operation was deemed a non-partnership marital venture and valued at $31,000.00. The trial court computed the gross value of the agricultural property, including the interest in the partnership, sheep and crops, and valued it at $432,439.00. The court then delineated partnership debts, which consisted of a $303,600.00 bank loan and an $18,000 loan to one Lyle Ebert. Husband's debt share was determined to be 12.15 percent, the same as his acquired asset share, or $39,074.00. The trial court arrived at a net real property value of $393,354.00.

## ISSUES

A. Did the trial court err in denying husband's motion for new trial or to reopen the record to receive additional testimony?

B. Did the trial court overlook assets and fail to minimize assets by mortgages in such a manner as to result in an inequitable division of property?

C. Did the trial court err in its valuation of husband's partnership interest and debt?

D. Did the trial court abuse its discretion by making provisions for the children's higher education and extending the education provisions beyond the children's age of majority?

Husband first contends the trial court abused its discretion in failing to grant his motion for new trial under SDCL 15-6-59(a). The motion claimed new evidence was discovered indicating a substantial portion of the land previously assumed to be part of the partnership did not, in fact, belong to the partnership; insufficiency of the evidence to support the court's cash award to wife; failure to consider the debt against the home; and the court's failure to apportion all or at least a greater percentage of the $303,600 debt to husband personally.

██ Courts generally take a dim view of motions for new trial in civil actions, and reluctantly grant them. *Piper v. Barber Transportation Co.*, 79 S.D. 353, 112 N.W.2d 329 (1961). This Court reviews the record in the light most favorable to the trial court's decision. *Ford v. Policky*, 81 S.D. 361, 135 N.W.2d 473 (1965). The land ownership evidence was not newly discov-

ered. Husband testified that ownership of the real estate was in the Warne partnership. The court also had evidence, including income tax records, showing that the partnership ranch was treated as one unit by all the parties involved. Other claimed items were matters of public record and were available as evidence prior to trial.

Husband made no record title distinctions when asked to value the land. He testified all the land was worth $2,256,000.00. This was in harmony with the testimony of the accountant and both appraisers. One appraiser was hired by wife and the other by husband. The Court did not distribute land, but rather made a cash settlement based on the total partnership property value and each parties' contribution and interest. We find no error in the order denying a new trial. *Piper, supra.*

We next consider whether the trial court overlooked or failed to reduce assets by mortgages. A home in Onida, South Dakota, was purchased by contract for wife and the children after wife left the marital home in January, 1983. The purchase price was $40,000.00, with $36,000.00 remaining unpaid. The trial court valued the home at $40,000 and awarded it to wife "debt free." Husband contends this indicates the trial court overlooked the mortgage and failed to properly allocate it.

■ This Court limits its review to determine whether there was an equitable division of property. *Krage v. Krage,* 329 N.W.2d 878 (S.D.1983). The trial court has broad discretion in dividing property. *Wallahan v. Wallahan,* 284 N.W.2d 21 (S.D. 1979); *Lien v. Lien,* 278 N.W.2d 436 (S.D. 1979); *Hanson v. Hanson,* 252 N.W.2d 907 (S.D.1977); SDCL 25–4–41, –44. Error does occur, however, when the trial court fails to properly value assets and thereby establishes a false net worth. *Hersrud v. Hersrud,* 346 N.W.2d 753 (S.D.1984); *Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D. 1979).

■ The trial court clearly did not overlook this asset because it was awarded to wife. The court likewise did not fail to consider the mortgage, because the home was awarded to wife "debt free," thereby allocating the debt to husband. This Court accepts all evidence of value and also the reasonable inferences which are favorable to the trial court's decision. *Hanks v. Hanks,* 296 N.W.2d 523, 524 (S.D.1980), *quoting from Isaak v. Isaak,* 278 N.W.2d 445, 446 (S.D.1979.) We can not place a valuation on assets. That is the province of the trial court. *Hanks, supra,* at 526, *quoting from Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979). We must look to the property distribution as a whole. That shows a considered plan with no abuse of discretion. *See Herrboldt v. Herrboldt,* 303 N.W.2d 571 (S.D.1981); *Hersrud, supra.*

■ Appellant next contests the trial court's apportionment of the $303,600.00 bank loan. He argues that because he signed the security agreement and listed his assets along with his father's assets as security, he is personally liable for the entire debt and the trial court should have apportioned all the debt to him personally. He argues that although execution of an agreement in the partnership name binds the other partners, SDCL 48–2–1, he may convey his equitable interest in a partnership without signing for the partnership where he executes an agreement in his own name. SDCL 48–4–7, –8, –18. He further argues that even if the debt is a partnership debt, he is entitled to claim more of the percentage than the trial court allowed. There was, however, no evidence by husband on how much should equitably be apportioned to him personally and how much to the partnership.

The record does provide evidence supporting the trial court's decision. The accountant's deposition shows partnership assets were in fact pledged as security and the trial court found those assets belonged to the partnership. The bank granted husband a $350,000 line of credit ONLY because he was the manager of the partnership ranch. Also, the partnership tax returns and the accountant's accompanying explanatory letter confirmed partnership

assets, and an interest expense, attributable to the loan. The partnership was treated by all parties as one big unit, and this is supported by the tax returns, appellant's own testimony and the accountant's deposition. Based on the entire record, there was no abuse of discretion in allocating to husband the same percentage of the debt as his percentage of ownership. *Snell v. Watts*, 77 S.D. 534, 95 N.W.2d 453 (1959).

■ Finally, we consider the trial court's higher education provisions for the children. Husband claims that although SDCL 25–7–7 does not prescribe the time parents are required to support their children, other statutes provide that a parent's child support obligation terminates at majority, which SDCL 26–1–1 defines as age 18. Support obligation statutes discuss such requirements in terms of children, not adults. This Court recognized that a parent is not required to support a child who has attained majority and is physically and mentally capable of earning his own living. *Schmidt v. Clark County*, 65 S.D. 101, 271 N.W. 667 (1937); SDCL 25–4–45; 25–5–20; 25–7–6. In *Jameson v. Jameson*, 306 N.W.2d 240 (S.D.1981), we held that a separation and property agreement which provides that a parent shall be liable for the education of the children, including college, with no age limitation may be enforced as a valid part of a divorce decree even though the children have reached the age of majority. No such agreement or contract existed in this case. The obligation of the husband for education must, therefore, in the absence of such an agreement, terminate when each child reaches the age of majority.

The Judgment of the trial court is affirmed except for that portion which extends the husband's educational obligations for the children to age 21. In that respect, the Judgment is modified so that the $2,000 annual payments per child terminate at age 18. Appellate attorney fees to the wife are denied.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

WUEST, Acting Justice, concurs.