**Darlyn BIRCHFIELD, Plaintiff and Appellee,**

v.

**Marvin Kelly BIRCHFIELD, Defendant and Appellant.**

**No. 15789.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 16, 1987.

Decided Jan. 13, 1988.

Lynn A. Moran, Moran Law Offices, Custer, for plaintiff and appellee.

Kenneth R. Dewell, Hot Springs, for defendant and appellant.

MILLER, Justice.

This is an appeal from the modification of a divorce decree requiring a father to make child support payments on behalf of a son beyond son's nineteenth birthday, until he graduates from high school. We reverse and remand.

At issue is the constitutionality of SDCL 25-5-18.1 and, if constitutional, whether said statute sets the outside age limits for which a trial court may require support payments in a divorce action.

## FACTS

The parties were divorced by a decree of divorce entered on January 2, 1984. They had four minor children at that time. In the original divorce decree, Mother was awarded custody of two older children, Denise and John Tyler, while Father was awarded custody of the younger sons, Travis and Brett.

The relevant portion of the original divorce decree, which was adopted pursuant to agreement of the parties, reads in part as follows:

Commencing on December 15, 1983, and continuing on the first day of each month thereafter, through May 1, 1984, Defendant [Father] shall pay to Plaintiff [Mother] the sum of $150.00 per month for child support for Denise Birchfield [dob May 30, 1965], which child support obligation shall terminate after payment of the May 1, 1984 payment. Defendant shall also pay to Plaintiff, commencing December 15, 1983, and continuing on the first day of each month thereafter, through May 1, 1984, an equal sum of $150.00 per month for child support for John Tyler Birchfield [dob November 12, 1967]. Commencing June 1, 1984, the child support for John Tyler Birchfield will increase to $200 per month and shall continue at $200 per month through the month that John Tyler Birchfield graduates from high school.

In August of 1986, Mother filed a petition to modify custodial provisions of the divorce decree. Specifically, she asked the court to change the legal custody of Travis from Father to herself, primarily based upon "the preference of the minor child who will be 18 years of age in January of 1987." The trial court issued its ruling changing custody of Travis to Mother and further ordered Father to pay child support for Travis through May of 1988. Travis will have his nineteenth birthday on January 8, 1988. At a subsequent hearing,[1] the trial court stated that

[t]he obvious intent of the original order was through high school. It was through the parties efforts that the child

---

1. Due to a clerical error, the proposed form of this order was not served upon Father's attorney until after it had already been signed by the court. Thereafter, the court held a hearing on February 20, 1987, to resolve the procedural error. The court rejected Father's objection to the order and permitted such order to be filed with the clerk of courts, effective as of December 10, 1986.

is late in finishing high school, anyway, in that there was one year that he was voluntarily withheld, and it wasn't a scholastic problem, if in fact that is even important, because I think about all that 25-5-18.1 presents and establishes is a minimum duty of support to which parents are held, and that it is not a limitation in any fashion on an obligation of support under extenuating circumstances or by agreement of a party in a divorce situation.

This appeal followed.

## ADMONITION

After the notice of appeal was filed, Mother filed with this court a motion to dismiss. She argued that dismissal was required because of the failure of Father, during the show cause stage of the proceedings, to notify the attorney general of the constitutional challenge of SDCL 25-5-18.1, as is required by SDCL 15-6-24(c). Mother further argued that this oversight amounted to a failure to join an indispensable party and thus the constitutional challenge made here by Father is not timely. We denied that motion to dismiss by order of July 16, 1987.

Mother filed no brief with this court in this appeal. Rather, through a letter from her counsel, we were advised that Mother desired to have the matter heard only on the brief of Father and upon her motion to dismiss, referred to in the preceding paragraph.

In the past, we have not specifically addressed the failure of an appellee to submit a brief. We could easily hold that failure to file a brief is tantamount to an admission by an appellee that appellant's appeal is meritorious and summarily reverse the appealed judgment. However, the ends of justice do not allow us to do so *here*, especially when confronted with such an important constitutional question of statewide importance.

■ In the future, an appellee should file a brief even when convinced the appeal is totally lacking in merit. *Farmers State Bank of Leeds v. Thompson*, 372 N.W.2d 862 (N.D.1985); *State v. Abrahamson*, 328 N.W.2d 213 (N.D.1982).

Here, we were given an unfair and undue burden to research issues for Mother, and even to substantially rule in her favor, with absolutely no assistance or input from her.

We will not overlook or tolerate such omissions in the future.

## ISSUE I

WHETHER SDCL 25-5-18.1 IS UNCONSTITUTIONAL.

Father claims that SDCL 25-5-18.1 is constitutionally infirm on equal protection grounds,[2] asserting that (1) two classes are created by the statute, (2) that the classes are created different under the statute, and (3) that the difference cannot be justified.

SDCL 25-5-18.1 states:

The parents of any child are under a legal duty to support their child in accordance with the provisions of 25-7-7, until the child attains the age of eighteen, or until the child attains the age of nineteen if he is a full-time student in a secondary school.

The issues here are similar to those previously decided by the Supreme Court of Iowa. In the case of *In re Marriage of Vrban*, 293 N.W.2d 198 (Iowa 1980), that court upheld the Iowa statute on equal protection grounds.

■ We agree with the Iowa Court that since there is no suspect classification or

---

**2.** Father seems to claim that children of divorced parents are the ones who are arbitrarily classified rather than non-custodial or divorced parents. There is case authority that provides that statutes authorizing courts to decree support for the education of children past the age of majority does not offend equal protection by creating an unreasonable distinction between married and divorced parties. *See Vrban, supra; Childers v. Childers,* 89 Wash. 592, 575 P.2d 201 (1978).

fundamental right involved, the strict scrutiny standard should not be applied. Thus, the statute must be upheld under the equal protection clause unless it is shown that there is no rational basis for the classification. *Vrban, supra.* As the United States Supreme Court held in *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), a statute will not be declared invalid, "unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest." 411 U.S. at 684, 93 S.Ct. at 1768, 36 L.Ed.2d at 589. *See also State ex rel. Wieber v. Hennings,* 311 N.W.2d 41 (S.D.1981). Statutes are presumed constitutional and the party asserting otherwise "has the burden of proving beyond a reasonable doubt that the classification violates equal protection." *Vrban, supra* at 201 (citations omitted); *In re Certification of a Question of Law,* 372 N.W.2d 113 (S.D.1985); *State v. Brown,* 296 N.W.2d 501 (S.D.1980); *State Theatre Co. v. Smith,* 276 N.W.2d 259 (S.D.1979); *Tripp County v. State,* 264 N.W.2d 213 (S.D.1978).

■ When SDCL 25–5–18.1 was adopted in 1986 with the following language "or until the child attains the age of nineteen if he is a full-time student in a secondary school," education was undoubtedly the State interest that the legislature was seeking to protect. We certainly agree that secondary education is a legitimate state interest. Therefore, the question becomes whether this classification was arbitrary and unreasonable.

Father claims the classification was arbitrary, asserting that a qualified nineteen-year-old is arbitrarily entitled to child support while a similarly situated twenty-year-old, still in high school, is not entitled to support under SDCL 25–5–18.1. We disagree. The legislature simply chose to extend the minimum duty of support from the age of eighteen to nineteen. The legislature could reasonably conclude that once a person attains nineteen, whether they are in high school or not, they are old enough to be self-sustaining.

We therefore conclude that SDCL 25–5–18.1 does not violate the equal protection clauses of either the federal or state constitutions.

## ISSUE II

## WHETHER SDCL 25–5–18.1 CREATES THE OUTSIDE LIMITATION FOR WHICH CHILD SUPPORT MAY BE ORDERED.

It is clear that there is no agreement between the parents to provide support for Travis until he graduates from high school. Rather, the divorce decree, which was approved by the parties, only addresses child support for the two older children who were placed in Mother's custody. The decree is silent as to any support obligations for the two younger boys. Obviously, this was because Father had custody of the two younger children.

Initially, we need to address whether the trial court had the power to order support for Travis. It is settled law that the trial court has continuing jurisdiction to modify child support obligations even though the child support obligation was created by agreement of the parties and later adopted by the court. *Hood v. Hood,* 335 N.W.2d 349 (S.D.1983); *Matthews v. Matthews,* 71 S.D. 115, 22 N.W.2d 27 (1946). *See also* Annot. Divorce: Power of Court to Modify Decree For Support of Child Which was Based on Agreement of Parties 61 A.L.R.3d 657 (1975).

■ We conclude that even though no specific support provision was provided for Travis, the court had the power to make the support order at a later date. *Forkel v. Forkel,* 387 N.W.2d 52 (S.D.1986); *Eichenberger v. Eichenberger,* 279 N.W.2d 690 (S.D.1979); *Houghton v. Houghton,* 37 S.D. 184, 157 N.W. 316 (1916); SDCL 25–4–45. As we stated in *Jameson v. Jameson,* 306 N.W.2d 240 (S.D.1981), in divorce actions children are wards of the courts and the courts are primarily concerned with their welfare, including their education.

■ The next question is whether the court can compel Father to provide support

beyond the age of nineteen. The clear language of the statute provides that the child support obligation ends at age eighteen (the age of majority) unless the child is enrolled in full-time secondary school, in which event the support must continue until the student turns nineteen years old.

The statute simply does not provide the trial court with the authority or discretion to extend the application of the statute beyond the age of nineteen. If the legislature had intended support to continue until any adult child *completes* high school, it would have so stated. We cannot extend a statute where its plain language dictates the result. *State v. Galati*, 365 N.W.2d 575 (S.D.1985); *see Ogle v. Circuit Court*, 89 S.D. 18, 227 N.W.2d 621 (S.D.1975).

We hold that where the parties do not otherwise agree or absent an appropriate showing under SDCL 25–7–6 [3] or SDCL 25–5–20,[4] the trial court may not impose a duty to support beyond nineteen. *Warne v. Warne*, 360 N.W.2d 510 (S.D.1984); *Jameson, supra.*

Reversed and remanded with direction that the trial court amend its order consistent herewith.

MORGAN, HENDERSON and SABERS, JJ., concur.

WUEST, C.J., specially concurs.

WUEST, Chief Justice (specially concurring).

I concur in this opinion except as to the admonition.

---

3. SDCL 25–7–6 provides:
   It is the duty of the father, the mother, and the children, of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding.

4. SDCL 25–5–20 provides:
   If other means of support for an emancipated child fail, the parent shall be under the legal duty to support the child.